Robinson, J.
 

 The requests of plaintiff in error, in writing, to charge before argument, the refusal of the court to give such charge, and the language of the court in his general charge, excepted to, raise the question whether the doctrine of
 
 res ipsa loquitur,
 
 is applicable to a case involving the liability of an employer to an employee under the federal Employers’ Liability Act (U. S. Comp. St. Sections 8657-8665).
 

 "Were this an open question we would find it difficult to distinguish the inapplicability of the doctrine to an action of a servant against a master from the applicability of the doctrine to other cases, for we can see no reason why an inference of negligence should be denied to the servant when he receives an injury under circumstances, which, were the action other than one between master and servant, would permit such inference and thus carry the case to the jury. The doctrine that since the accident could not have happened without negligence the fact that the accident occurred speaks of negligence is not logically dependent upon the relationship which the parties bear to each other. The relationship affects the obligation, the degree of care, assumption of risk, etc.
 

 
 *179
 
 However, the parties hereto, at the time of the accident, were admittedly engaged in interstate commerce, and the case admittedly is governed by the Employers’ Liability Act, and the Supreme Court of the United States in
 
 New York Central Rd. Co.
 
 v.
 
 Winfield,
 
 244 U. S., 147, at pages 148 and 150, 37 Sup. Ct., 546, 61 L. Ed., 1045, L. R. A. 1913C, 439, Ann. Cas., 1917D, 1139, has declared that by that act “all state laws covering the same field are necessarily superseded” and “that it was intended * * * to withdraw all injuries to railroad employees in interstate commerce from the operation of varying state laws. * * *” The Supreme Court of the United States in
 
 Patton
 
 v.
 
 Texas & Pacific Ry. Co.,
 
 179 U. S., 658, has declared, at page 663, 21 Sup. Ct., 275, 277 (45 L. Ed., 361): “First. That while in the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier, a presumption which in the absence of some explanation or proof to the contrary is sufficient to sustain a verdict against him, for there is
 
 prima facie
 
 a breach of his contract to carry safely
 
 (Stokes
 
 v.
 
 Saltonstall,
 
 13 Pet., 181;
 
 Railroad Company
 
 v.
 
 Pollard,
 
 22 Wall., 341;
 
 Gleeson
 
 v.
 
 Virginia Midland Railroad,
 
 140 U. S., 435, 443), a different rule obtains as to an employee. The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence.
 
 Texas & Pacific Railway
 
 v.
 
 Barrett,
 
 166 U. S., 617. Second. That in the latter case it is not sufficient for the employee to show that tho
 
 *180
 
 employer may have been guilty of negligence — the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony, and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting-upon all plaintiffs.” In
 
 Looney
 
 v.
 
 Metropolitan Rd. Co.,
 
 200 U. S., 480, 26 Sup. Ct., 303, 50 L. Ed., 564, in the first proposition of the syllabus, the Supreme Court held: “Negligence of defendant will not be inferred from the mere fact that the injury occurred, or from the presumption of care on the part of the plaintiff.” In
 
 New Orleans & Northeastern Rd. Co.
 
 v.
 
 Harris, Admx.,
 
 247 U. S., 367, at page 371, 38 Sup. Ct., 535, 536 (62 L. Ed., 1167), it declared: “The federal courts have long held that where suit is brought against a railroad for injuries to an employee resulting from its negligence, such negligence is an affirmative fact which plaintiff must establish. The
 
 Nitro-Glycerine case,
 
 15 Wall., 524, 537;
 
 Patton
 
 v.
 
 Texas & Pacific Ry. Co.,
 
 179 U. S., 658, 663;
 
 Looney
 
 v.
 
 Metropolitan R. R. Co.,
 
 200 U. S., 480, 487;
 
 Southern Ry.
 
 
 *181
 

 Co.
 
 v.
 
 Bennett,
 
 233 U. S., 80, 85. In proceedings brought under the federal Employers’ Liability Act rights and obligations depend upon it and applicable principles of common law as interpreted and applied in federal courts, and negligence is essential to recovery.” And that court in the only case cited to us where it has allowed the application of the doctrine of
 
 res ipsa loquitur
 
 in a suit between servant and master, the case of
 
 Minneapolis & St. Louis Rd. Co.
 
 v.
 
 Gotschall,
 
 244 U. S., 66, 37 Sup. Ct., 598, 61 L. Ed., 995, in affirming a judgment of the Supreme Court of the State of Minnesota, where the doctrine was applied to an action by the administrator of a killed employee against his master, so limited the character of cases to which it permitted the doctrine to apply that it seems to afford no authority which would justify making the instant case an exception to the rule; the court there, at page 67 (37 Sup. Ct., 599
 
 ),
 
 using this language:
 

 “The jury, under an instruction of the court, was permitted to infer negligence on the part of the company from the fact that the coupler failed to perform its function, there being no other proof of negligence. It is insisted this was error, since as there was no other evidence of negligence on the part of the company the instruction of the court was erroneous as from whatever point of view looked at it was but an application of the principle designated as
 
 res ipsa loquitur,
 
 a doctrine the unsoundness of which, it is said, plainly results from the decisions in
 
 Patton
 
 v.
 
 Texas & Pacific Ry. Co.,
 
 179 U. S., 658, and
 
 Looney
 
 v.
 
 Metropolitan R. R. Co.,
 
 200 U. S., 480. We think
 
 *182
 
 the contention is without merit because, conceding in the fullest measure the correctness of the ruling announced in the cases relied upon to the effect that negligence may not be inferred from the mere happening of an accident except under the most exceptional circumstances, we are of opinion such principle is here not controlling in view of the positive duty imposed by the statute upon the railroad to furnish safe appliances for the coupling of cars.
 
 St. Louis, Iron Mountain & Southern Ry. Co.
 
 v.
 
 Taylor,
 
 210 U. S., 281, 294, 295;
 
 Chicago, Burlington & Quincy Ry. Co.
 
 v.
 
 United States,
 
 220 U. S., 559, 575;
 
 Delk
 
 v.
 
 St. Louis & San Francisco R. R. Co.,
 
 220 U. S., 580, 586;
 
 Texas & Pacific Ry. Co.
 
 v.
 
 Rigsby,
 
 241 U. S., 33, 43.”
 

 Negligence, according to the view of the Supreme Court, was not an issue in the
 
 Gotschall case
 
 by reason of the fact that the United States statute imposed an absolute and unqualified duty upon the master to furnish safe appliances for the coupling of cars, and one of the cases there cited
 
 (Texas & Pacific Ry. Co.
 
 v.
 
 Rigsby,
 
 241 U. S., 33, 43, 36 Sup. Ct., 482, 483 [60 L. Ed., 874]) declares that the “question whether the defective condition of the ladder was due to defendant’s negligence is immaterial, since the statute imposes an absolute and unqualified duty to maintain the appliance in secure condition.”
 

 We, therefore, feel ourselves foreclosed by the court of last resort upon the subject of the applicability of the doctrine of
 
 res ipsa loquitur
 
 to actions by employees against employers engaged in interstate commerce. While there seems to be ample authority for the application of the doctrine
 
 *183
 
 to this class of cases in the various state courts, and in the inferior federal courts, the Supreme Court of the United States exists for the purpose of speaking finally on all federal questions and our obligation is to accept its declaration rather than the declarations of state and inferior federal courts.
 

 It, therefore, follows that the trial court erred in refusing to give special requests 1 and 2, and in his general charge, where he used this language:
 

 “I say to you that the mere fact that this car was derailed, nothing else appearing to explain the cause of its derailment, raises a presumption of negligence on the part of the defendant to the extent that proof or admission of such derailment puts upon the defendant the burden of proving the absence of negligence. By the admission, therefore, on the part of defendant, that the gasoline motor car was derailed, provided that plaintiff has shown by the preponderance of the evidence that he was injured as the direct and proximate result of such derailment, the burden of proof as to the issue of negligence in this case would be upon the defendant.”
 

 It further follows that such error was not cured by attempting to withdraw the words “to the extent that proof or admission of such derailment puts upon the defendant the burden of proving the absence of negligence” and instructing the jury “that it puts upon the defendant the burden of explaining the cause of the derailment;” nor by the language “the fact that the derailment was the proximate cause of the injuries received by plaintiff, raises a presumption of negligence against the railroad company; or, in other words, the fact that
 
 *184
 
 for many years pipes and tools had been successfully hauled by the railroad company, and that in this particular instance a derailment was caused by a piece of pipe falling from said gasoline car, throws the burden of explanation upon the railroad company.” The distinction between “burden of proof” and “burden of explanation” seems to us a distinction without a difference. Even though the doctrine of
 
 res ipsa loquitur
 
 were applicable to this case, the “burden of proof” or “burden of explanation” is not by reason of the application of the doctrine shifted from the plaintiff to the defendant, but, in cases where the doctrine applies, the inference of negligence by reason of the circumstances under which the accident occurred carries the case to the jury, and, before the plaintiff can recover, that inference, together with such other evidence as tends to support negligence on the part of the defendant in the minds of the jurors, must, at all times, have more convincing power and weight than the explanation of the defendant, together with such other evidence as tends to refute the inference and all evidence of negligence. This is the Ohio rule, and we believe it to be the intent of the federal rule, as well, notwithstanding the inapt language which appears in many federal cases that “the burden of explanation is cast upon the defendant.”
 

 The trial court refused to give before argument special request No. 3, and charged the jury:
 

 “The plaintiff * * * assumes the risks which are ordinarily incidental to his employment, but he does not assume the risks or dangers which grow out of the personal negligence
 
 *185
 
 of other railroad men employed by the railroad company. In other words, the plaintiff assumes the risks of the ordinary incidental manner in which the railroad company operates its railroad, but he does not assume the risks of the personal negligence or the personal lack of ordinary care of other employees. Therefore, if you find that any one or more of the men riding with plaintiff on the gasoline car failed to exercise ordinary care, and such failure caused or permitted the said pipe to fall from said car, plaintiff cannot and did not assume the risks of such personal negligence.”
 

 The charge is erroneous in that it entirely excluded from the risk assumed by the employee “dangers which grow out of the personal negligence of other railroad men employed by the railroad company” and entirely excluded from the risk assumed the failure by any of the employees of the company “to exercise ordinary care.” The rule is declared in
 
 Boldt, Admx.,
 
 v.
 
 Pennsylvania Rd. Co.,
 
 245 U. 6., 441, 38 Sup. Ct., 139, 62 L. Ed., 385—
 

 “The employee assumes * * * risks due to negligence of employer and fellow employees, when obvious or fully known and appreciated by him.”
 

 Being familiar with the manner in which the tools, including the rollers, were carried on this car, the height of the railing on the sides, rear and front, the manner in which the men rode upon the car, and the location of their feet with reference to the tools, the plaintiff assumed the risk not only of the tools falling over the railing by reason of its height or lack of height, which was obvious, but also assumed such risk of the tools, including
 
 *186
 
 the rollers, being accidentally dislodged by the feet of his fellow employees, as was known and appreciated by him.
 

 The argument that for 19 years the defendant in error as an employee of the plaintiff in error had used the car, or similar cars, in the same way without accident, and, therefore, did not know and appreciate the dangers incident thereto, is persuasive, and would be entitled to consideration by the jury in determining whether or not the dangers were obvious, known, and appreciated by the defendant in error, but is not so conclusive that a, court may determine therefrom as a matter of law that the defendant in error did not know and appreciate the danger therefrom, and therefore refuse to submit instruction thereon to the jury. Accidents resulting from the dangers which are known to be incident to the occupation of railroading, frequent as they are, do not, in that period of time, occur in the proportion of one to every employee.
 

 Plaintiff in error was entitled to have special request No. 3 given to the jury before argument.
 

 We find no error in the refusal of the court to send the deposition of Steve Simcak to the jury room.
 
 Stites
 
 v.
 
 Admr. of McKibben,
 
 2 Ohio St., 589.
 

 The judgment of the Court of Appeals and the court of common pleas is reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias and Day, JJ., concur.
 

 Wanamaker, J., not participating.