BIERMACHER *v.* THE NEW YORK, CHICAGO & ST. LOUIS RD. CO.

*Appeal and error—Cause reversed by Supreme Court and remanded for new trial—Error to enter judgment on opening statement of counsel, when.*

Where the question whether the trial court erred in refusing to direct a verdict for the defendant was squarely presented to the Supreme Court on review, and the record in that court showed that a motion of the defendant for a directed verdict had been made in the trial court at the conclusion of all the evidence, and overruled, and defendant's exceptions noted, and the Supreme Court reversed the judgment rendered in the trial court in favor of plaintiff, and refused to enter final judgment, and remanded the cause for a new trial on the issues made on the petition, it is prejudicial error for the trial court, upon retrial of the cause, to sustain a motion for judgment in favor of the defendant at the conclusion of the opening statement of counsel for plaintiff which is as broad or broader than the controverted allegations of the petition.

(Decided May 8, 1925.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Anderson & Lamb,* for plaintiff in error.
*Messrs. Tolles, Hogsett, Ginn & Morley,* for defendant in error.

WILLIAMS, J. This cause comes into this court on error from the court of common pleas. Upon the trial below a jury was impaneled, and thereupon counsel for the plaintiff, Christian Biermacher, made his opening statement to the jury, as follows:

"Ladies and gentlemen, a short statement is made by plaintiff's attorney, followed by a statement by the railroad's attorney, so that you may better understand the various claims and better understand the case as it progresses. Now, this statement, of course, is not evidence; it is merely what we believe the evidence will show. Of course, the attorneys were not at the scene of the accident, and all we know about it is what we have been told and expect to prove.

"First, where a suit is brought in a civil case, a petition is filed and is sworn to, and sets out the different claims of the plaintiff. The plaintiff files a petition which has to be drawn in legal phraseology, so a lawyer is supposed to do it. Then, after the defendant in the case is notified and given ample time to investigate, an answer is filed by the defendant.

"Now, if all of the things were admitted in the answer that we claim in the petition, we wouldn't need any jury, because there would be no dispute. The things wherein they deny the things set out in the petition are called in law the 'issues.' Because we cannot agree about it, we call in a jury to help decide the issues in a lawsuit. The issue is the thing about which the plaintiff and the defendant cannot agree.

"Now, it is agreed here that this is a railroad corporation. It is agreed that Mr. Biermacher had been in the employ of the railroad company for quite a long time before he was injured. It is agreed that at the time he was injured he was riding on a gasoline motor car between Cleveland and Mentor, and that the gasoline motor car was de-

railed.   It is agreed further that the gasoline motor car was derailed by reason of a piece of pipe falling from it.   Now, there is no dispute to this case at all, there is no issue about that, but all those things must be taken by the jury as the facts in the case.

"And it is agreed further that Mr. Biermacher was injured.   There is a dispute about the degree of his injury, but the fact he was injured is admitted.

"Now, Mr. Kinder has given me some photographs of the motor car.   These will be introduced in evidence later on and you will have them in your jury room.   (Photographs passed around the jury.) Now, you will see that in the front of the motor car was the foreman who operated the motor car, which was operated by gasoline.   They were going at this time to erect a bridge or do some work on a certain bridge, and it is admitted in the answer and set out in the petition that they were engaged at the time in interstate commerce.   That means, therefore, that this lawsuit is tried exclusively under the laws of the United States.   The state laws do not apply except as to the procedure. In other words, we are trying this case as though it were in the federal court.   Therefore, the laws of the United States apply exclusively.   Interstate commerce is commerce between different states.

"Now, of the five or six persons comprising this crew, a certain number sat on the side of the motor car, and there was a kind of trough on this side, running the full length.   Now, certain tools, pieces of pipe, and so on were carried, and had been carried for many, many years, on motor cars, gasoline cars of this kind, without any accident ever having

happened. It will be in evidence that the tools and pipes had been carried over thousands and tens of thousands of miles without any accident at all.

"Now, we expect to show, under the evidence, that it was the duty of the man sitting here (indicating a photograph) with his feet down over the trough, to guard and protect from falling from the car any tools or pipes that might be here immediately under him. We expect to show that that was his duty.

"Now, as I remember, there were four men, two on each side. The man sitting here (indicating) operated the gasoline car, a man sitting back here (indicating), and, if you notice, there is no trough in the rear of it at all, so we expect the evidence to show that this man who sat at the rear hadn't any duty at all to perform in reference to keeping secure upon the car any pieces of pipe or tools or anything of that kind.

"Now, Biermacher, the plaintiff, was sitting at the rear end of the car. We expect to show that he hadn't anything to do with the loading of pipe on this particular morning on this particular car, and he sat at a place where no duty rested upon him at all.

"It is admitted here that, while the gasoline car was proceeding on its way, a piece of pipe was permitted to fall from the car, causing its derailment, and causing permanent and severe injuries to Mr. Biermacher. Now, under the law, we have a right to recover for the negligence or lack of care of any one who permitted that pipe to fall. Now, that is our lawsuit. We claim that the man who sat over that particular piece of pipe and had it under his

care failed to exercise ordinary care, and that failure caused the pipe to fall, and that falling caused the injury to Mr. Biermacher.

"Now, if you find that the proof here shows by the greater weight of the probabilities that piece of pipe was permitted to fall by the negligence of one of these men, it would be your duty, as the court will instruct you, to find in favor of the plaintiff. If you so find, we expect to introduce evidence on four separate and distinct items that it will be your duty to take into consideration in determining the amount of the verdict. First, the pain and suffering the plaintiff has suffered from the time he was injured in 1920; the pain and suffering which you reasonably find he will endure in the future, and in that connection we will give you the expectancy of life and so on; the money that he has lost by being unable to work and earn money, that inability being directly produced by the injury received; and the amount of money that his injury will prevent him from earning in the future. Now, under the law, we are entitled to full consideration of each one of these items. If you find in favor of the plaintiff, add those four items together and that will be your verdict. That is what we expect to show. * * *

"Our case, to simplify it, is that that piece of pipe fell from that car, which caused the derailment of the car, because one of the employes of the railroad company failed to exercise ordinary care in reference to that piece of pipe. That is our only claim of negligence."

Upon the conclusion of the statement, the court below granted the motion of the defendant for a judgment on the opening statement of plaintiff's

counsel, and entered final judgment for the defendant for costs, to which plaintiff excepted. The principal question before us for determination is whether or not the statement of counsel contained an offer to prove all material facts necessary to plaintiff's right to recover.

The cause had been previously tried in the court of common pleas, a verdict in behalf of the plaintiff for $18,000 had been rendered, and judgment had been entered thereon. This judgment was affirmed by the Court of Appeals, but the Supreme Court of Ohio reversed the judgments of the lower courts, and remanded the cause to the court of common pleas for a new trial and for further proceedings according to law. The cause is reported under the title of *Railroad Co.* v. *Biermacher,* 110 Ohio St., 173, 143 N. E., 570. An examination of the record in that cause in the Supreme Court discloses that the motion for a directed verdict was made at the conclusion of the plaintiff's evidence, and again at the conclusion of all the evidence, and in each instance was overruled and exception taken, and that the overruling of such motions was properly assigned as error in the proceeding in the Supreme Court. It is significant that the Supreme Court did not enter final judgment in the cause, although under the circumstances it had power to do so, but remanded it for a new trial. We cannot assume that that court played fast and loose in connection with that question with the expectation of entering a final judgment, if occasion required, in the event the case might again later reach that court.

While, in the opinion, no mention is made of that question, we quote the following significant lan-

guage from page 186 (143 N. E., 574): "The argument that for 19 years the defendant in error as an employe of the plaintiff in error had used the car, or similar cars, in the same way without accident, and, therefore, did not know and appreciate the dangers incident thereto, is persuasive, and would be entitled to consideration by the jury in determining whether or not the dangers were obvious, known and appreciated by the defendant in error, but is not so conclusive that a court may determine therefrom as a matter of law that the defendant in error did not know and appreciate the danger therefrom, and therefore refuse to submit instruction thereon to the jury."

We think the only conclusion that can be drawn from this language is that the court intended that the questions of fact involved should be submitted to a jury upon the retrial which it ordered in its mandate, provided, of course, there should be some evidence tending to sustain all the material allegations of the petition. As the statement quoted herein was broader than the controverted allegations of the petition, we are of the opinion that it was prejudicial error for the court to sustain the motion of the defendant and render judgment upon the statement of plaintiff's counsel.

The Supreme Court, in their opinion, say that they feel themselves "foreclosed by the court of last resort upon the subject of the applicability of the doctrine of *res ipsa loquitur* to actions by employes against employers engaged in interstate commerce." We likewise feel that we are foreclosed in the present instance by the action of the court of last resort of this state in failing to enter

final judgment in the case when the question was squarely presented to it and remanding the cause for a new trial, coupled with the further fact that upon the trial below plaintiff's counsel offered to prove all the material allegations of the petition.

It is contended by counsel for defendant in error that the court below did not err in sustaining defendant's motion for a judgment on the statement of plaintiff's counsel, for the reason that the petition did not state a cause of action. We are of the opinion ourselves that the petition is sufficient in law, and we are further of the opinion that the Supreme Court would not have remanded the case for retrial had it deemed the petition insufficient in law.

Judgment will therefore be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

RICHARDS and YOUNG, JJ., concur.

Judges of the Sixth Appellate District sitting in place of Judges LEVINE, SULLIVAN and VICKERY of the Eighth Appellate District.