## Weekly Abstract of PENDING CASES

### No. 646

N. Y. C. & St. L. R. CO. v. BIERMACHER

No. 19190. Supreme Court

On motion to certify. Dock. June 9, 1925; 3 Abs. 377.

PERSONAL INJURIES—1. Is assumption of risk a bar to an action governed by Federal Employer's Liability Act?

2. Does mere averment of a legal conclusion in petition, call for responsive pleading?

Christian Biermacher brought an action in the Cuyahoga Common Pleas to recover damages from the New York, Chicago, & St. Louis Rd. Co. for injuries claimed to have been sustained, while in employ of that company as a bridge carpenter. Negligence on part of the company was alleged: "In causing and permitting certain pipe to be carried upon said gasoline motor car, which pipe was not properly secured and part of which pipe fell from the front end of said gasoline motor car, causing said derailment". Excessive speed was also alleged.

This case was formerly tried and decided in favor of Biermacher in the Common Pleas and Court of Appeals. When it was taken to the Supreme Court the case was remanded for a new trial. Railroad v. Biermacher, 110 OS. 173. In the present action in the Common Pleas a verdict was directed for the Company upon the ground that under the decision of the Supreme Court the statement of counsel for Biermacher did not constitute a cause of action.

The Court of Appeals reversed the judgment, holding that the Supreme Court in its reversal in the original proceedings did not enter

## OHIO SUPREME COURT—Continued

final judgment in favor of the Railroad Company. The court first said: "It is significant that the Supreme Court did not enter final judgment in the case, although under the circumstances it had power to do so, but remanded it for a new trial."

It is contended by the Railroad Co. in the Supreme Court that the rights and liabilities of the parties are governed by the Federal Liability Act of 1908 and amendments, they being engaged in interstate commerce. It is claimed that under the Federal Act the employe assumes (1) the usual and ordinary risks incident to his work and (2) extraordinary risks incident to his employment and risks due to negligence of employer and fellow employes when obvious or fully known and appreciated by him.

Assumption of risk, it is claimed is a bar to the action in a case governed by the Federal Employers' Liability Act and does not, like contributory negligence, operate merely in reduction of damages; and Biermacher under the Federal Act was presumed to know and is presumed to appreciate the danger of the risk thus suggested.

It is also claimed, that the assertion in the petition that "one of the employes of the railroad company failed to exercise ordinary care in reference to that piece of pipe", is nothing but a bald legal conclusion unsupported by any statement of operative facts." It is further claimed that "The mere averment of a legal conclusion states no right or defense, calls for no responsive pleading, is not admitted by a failure to deny, or by pleading in avoidance, and will not admit evidence or sustain a judgment."

Attorneys—Tolles, Hogsett, Ginn & Morley for Company; Anderson, Lamb &. Marsteller, for Biermacher; all of Cleveland.