No. 883

N. Y. CHIC. & ST. L. RY. CO. v. NUCIFER

Ohio Appeals, 6th Dist., Huron Co.

No. 201. Decided Oct. 2, 1925

225. CHARGE TO JURY—Where a correct statement of the law is embodied in a special request, it is obligatory upon the court to give it and not discretionary, and even though the court correctly stated the law in the general charge in reference to subject matter of the special request, the defect is not cured and it is reversible error.

WILLIAMS, J.

The original action was brought by Sam Nucifer against the New York, Chicago & St. Louis Railway Co. to recover damages claimed to have been sustained by him by reason of the negligent operation of a freight locomotive by the Company.

Nucifer at the time of his injury was working for the Company as a section hand in the railroad yard of the Company with several other employees. A freight locomotive passed the point where Nucifer was working and some part of the engine, presumably the beam extending across the front of the engine, struck him in the head as it passed by. A verdict for $3000 was returned in Nucifer's favor and judgment was entered thereon.

Error was prosecuted by the Company and it was claimed that the court below erred in its charge to the jury; that it erred in refusing to give certain special requests to charge; that it erred in refusing to direct a verdict in the company's favor; and that the verdict is manifestly against the weight of the evidence. It was claimed that the court erred in that portion of the charge relating to the assumption of risk. The Court of Appeals held:

1. Request No. 4 of the Company, which was refused, reads: "The mere fact that plaintiff was struck by defendant's engine while it was moving to the water tank is not, in and of itself, evidence of negligence on part of the defendant, nor, under the circumstances in this case, may negligence be inferred from that fact alone."

2. The doctrine of res ipsa loquitur does not apply to this case because both parties concede that it is governed by the Federal Employer's Liability Act. It has also been held that [this doctrine does not apply to cases between master and servant arising under this act. Railroad v. Biermacker, 110 OS. 173.

3. While the court correctly stated the law with reference thereto, in the general charge, the fact that it did do so did not cure the error in refusing to give a correct statement of the law in the request before argument. The giving of such a request is obligatory upon the court and not discretionary.

4. The court would not have been justified in directing a verdict for the Company upon the theory that Nucifer was guilty of contributory negligence as a matter of law, for the reason that contributory negligence is not a complete defense but only one pro tante; and that under the Federal Employer's Liability Act, the doctrine of comparative negligence applies.

5. Refusal to give the Company's request No. 4 was reversible error; the verdict being manifestly against the weight of the evidence, judgment will be reversed and cause remanded.

Judgment reversed.

Attorneys—R. R. Parkhurst, Bellevue for Nucifer; Young & Young, Norwalk, for Company.