By the Court.
 

 One of the reasons for the reversal of the former judgment of the trial court and the Court of Appeals in this case
 
 (110
 
 Ohio St., 173, 143 N. E., 570), was that the trial court,
 
 *555
 
 at the instance of plaintiff, Biermacher, instructed the jury to exclude all acts of negligence of fellow employes from the risks and dangers assumed by plaintiff, whereas only such risks and dangers due to negligent acts of fellow employes, incident to the employment, as were not fully known and appreciated by him, should have been excluded from the risks assumed.
 

 In the present trial, after counsel for plaintiff, Biermacher, had stated to the jury that he expected to prove “that it was the duty of the man sitting here (indicating on photograph), with his feet down over the trough, to guard and protect from falling from the car any tools or pipes that might be here immediately under him,” and had stated, “Our case, to simplify it, is that piece of pipe fell from that car which caused the derailment of the car, because one of the employes of the railroad company failed to exercise ordinary care in reference to that piece of pipe. That is our only claim of negligence,” and had further stated, “Certain tools, pieces of pipe, and so on, were carried, and had been carried,, for many, many years, on motor cars, gasoline cars of this kind, without any accident ever having happened,” and the answer having admitted “that said derailment was caused by a certain pipe falling in front of the gasoline motor car,” the court, at the instance of the railroad company, defendant, instructed the jury upon such statement to return a verdict for the defendant; thus again losing sight of the distinction between negligent acts of fellow employes and negligent course of conduct of fellow employes creating risks and dangers incident to the employment, which
 
 *556
 
 the plaintiff knew of, fully appreciated, and therefore assumed, and negligent acts and course of conduct of fellow employes creating risks and dangers incident to the employment of which plaintiff did not know, which he did not fully appreciate, and therefore did not assume.
 

 The statement of counsel that pieces of pipe had been carried on motor cars of this kind for many years, and many thousands of miles, without accident, together with the statement that it was the duty of a man sitting at a given position to guard and protect the pipe from falling, and that on this occasion the man negligently permitted it to fall, reasonably permits the inference that plaintiff did not know either of the danger of the pipe falling or the danger of the fellow employe, charged with the duty of keeping it from falling, negligently permitting it to fall.
 

 Whether or not plaintiff knew of either danger, and, therefore, whether or not he assumed those risks, was a question of fact for the jury; hence it was error for the court to direct a verdict for the defendant company.
 

 The error in respect to assumed risk in the former trial was the exclusion of negligent acts and conduct of fellow employes, of which plaintiff knew and fully appreciated, from the risks and dangers incident to the employment assumed.
 

 The error in this trial is the inclusion of negligent acts and conduct of fellow employes, of which, according to the statement, plaintiff did not know, and which he did not fully appreciate, among the risks and dangers incident to the employment assumed.
 

 
 *557
 
 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.