Marshall, C. J.,
 

 concurring. I concur in the
 

 affirmance of the judgment of the Court of Appeals and the grounds stated in the
 
 per curiam
 
 opinion. I am writing this separate memorandum because I ám of the opinion that upon the former review of this controversy, as reported in 110 Ohio St., 173, 143 N. E., 570, the members of this court concurring in the judgment then rendered, including the writer of this concurring opinion, erred in the declaration of the second paragraph of the syllabus as follows:
 

 “2. The Supreme Court of the United States has decided that the doctrine
 
 res ipsa loquitur
 
 does not apply in the trial of cases between servant and master, arising under the federal Employers’ Liability Act.”
 

 That declaration of law was based upon certain cases cited and quoted in the opinion at pages 179, 180, 181, and 182 (143 N. E., 570). The quotations are accurate, but do not support the conclusions reached. The case of
 
 Patton
 
 v.
 
 Texas & Pac.
 
 Ry.
 
 Co.,
 
 179 U. S., 658, 21 S. Ct., 275, 45 L. Ed., 361, and the case of
 
 Looney
 
 v.
 
 Metropolitan Rd. Co.,
 
 200 U. S., 480, 26 S. Ct., 303, 50 L. Ed., 564, were decided before the enactment of the federal Employers’ Liability Act, and therefore could not have been decided with any special reference ta that statute. In those cases a distinction is drawn
 
 *558
 
 between cases involving carrier and passenger on the one hand and employer and employe on the other, and the well-known, well-established doctrine is declared that no presumption of negligence arises against an employer from the mere fact of accident, but that negligence is an affirmative fact for the injured employe to establish against the employer before there can be a recovery. This principle is quite apart from the principles which govern the doctrine of
 
 res ipsa loquitur.
 
 That doctrine applies only under exceptional circumstances, and no definite rule has ever been declared whereby the limitations of the doctrine are clearly established. Nowhere in either the
 
 Patton
 
 or
 
 Looney cases
 
 is it declared that the doctrine
 
 res ipsa loquitur
 
 does not apply in the trial of cases between servant and master. At a later time, in
 
 Minneapolis & St. Louis Rd. Co.
 
 v.
 
 Gotschall, Admx.,
 
 244 U. S., 66, 37 S. Ct., 598, 61 L. Ed., 995, Chief Justice White had under consideration the application of the doctrine
 
 res ipsa loquitur
 
 to a case involving master and servant, and, in the course of his opinion, referred to the
 
 Patton
 
 and
 
 Looney cases,
 
 and agreed that the doctrine could not be applied to the facts of those cases, and then proceeded to state that the doctrine could apply in cases between master and servant only where the accident happened “under the most exceptional circumstances.” It seems to me that it must be conclusively inferred from that language that, if the circumstances are exceptional, the doctrine may be applied.
 

 In a very large number of cases since the enactment of the federal Employers’ Liability Act, the
 
 *559
 
 courts of last resort of many of the states have applied the doctrine under exceptional circumstances in cases where employes have brought suit against the employer under the provisions of that act. The federal Courts of Appeals have also applied the doctrine in numerous cases; some decided since the decision of the
 
 Gotschall case,
 
 in which its principles have been followed. It is not a conclusive argument in favor of the applicability of the doctrine in cases between master and servant, but it is at least persuasive that, in the case of
 
 Central Ry. Co. of N. J.
 
 v.
 
 Peluso, Admx.,
 
 261 U. S., 613, 43 S. Ct., 359, 67 L. Ed., 827, the Supreme Court of the United States refused the writ of certiorari where the doctrine had been applied in the Court of Appeals below, and the application for the writ of certiorari was based solely upon the contention that the maxim would not apply in master and servant cases. The decision of the Court of Appeals in the
 
 Peluso case
 
 is reported in 286 F., 661. As showing that this question was involved in the
 
 Peluso case
 
 in the Court of Appeals, I am quoting the comment of Mayer, J., upon the
 
 Gotschall case:
 

 “From the foregoing we think it is quite clear that the Supreme Court has left unimpaired the doctrine of
 
 res ipsa loquitur
 
 as between, employer and employe where the circumstances are such as to warrant the application of that doctrine in the sense of the definition in the Francey and other cases cited
 
 supra.”
 

 For the foregoing reasons, and based upon the foregoing authorities, I am of the opinion that this court should at this, the earliest opportunity,
 
 *560
 
 correct what I conceive to be an erroneous declaration of law in the second paragraph of the
 
 Biermacher case,
 
 as reported in 110 Ohio St., 173, 143 N. E., 570.