## TOLEDO TERM. RAILROAD CO. v. VILLA.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1779.   Decided Nov. 8, 1926.

First Publication of this Opinion.

829.   NEGLIGENCE—1050.   Risks—Under Federal Employer's Liability Act, employe assumes risks due to negligence of both employer and fellow employe, when such risks are obvious or fully known and appreciated.

Error to Common Pleas.

Judgment reversed.

Fraser, Hiett, Wall & Effler, Toledo, for Company.

Fritsche, Kruse & Winchester, Toledo, for Villa.

WILLIAMS, J.

Selestine Villa brought an action in the Lucas Common Pleas, against the Tolelo Terminal Railroad Co. to recover for personal injuries alleged to have been suffered through the Company's negligence in the operation of a hand car.

Villa and a gang of fellow workmen used the hand car to carry them from their place of work to the place of the noon meal, and, while so engaged in travelling, the foreman of the crew ordered the gang to hurry up until the car was travelling at the rate of 15 miles per hour whereas the usual speed of the car on such occurrences was six miles per hour. Due to Villa's unfamiliarity with the English language, he had difficulty in understanding the foreman. Villa was struck in the chest with the handle of the pumping apparatus of the hand car, causing him to lose his grip and fall in front of the car which ran over him.

Judgment was returned in favor of Villa.

The court's charge, on assumption of risk, was erroneous in that it stated that Villa did not assume the risks and dangers occasioned by the negligence of the defendant or defendants' agents superior to him in rank. (See Railroad Co. v. Biermacher, 110 OS. 173.)

The case was one which came within the Federal Employer's Liability Act, and under that law, the employe assumes the risks due to the negligence of both the employer and fellow employes, when obvious or fully known and appreciated by him. In this case, the foreman was the agent through whom the Company, as employer, was acting, and the foreman's negligence would be the negligence of the employer.

The court also erred in failing to charge the doctrine of comparative negligence which was applicable under the Federal Employer's Liability Act. There was also failure of the trial judge to limit inquiry as to defendant's negligence on the issue as to whether or not the defendant was guilty of negligence in the speed at which the foreman caused the handcar to be operated.

(Richards and Young, JJ., concur.)