### NEW YORK, C. & ST. L. RY. CO. v. WOLF

Ohio Appeals, 3rd Dist., Henry Co.

No. 190. Decided June 27, 1927.

Judges Richards, Williams and Lloyd of the Sixth Appellate District sitting in place of Judges Crow, Hughes and Justice of the Third Appellate District.

456. EMPLOYER AND EMPLOYEE—111. Assumption of Risk—Where experienced workman, acting on his own responsibility, selects improper tool for doing work with which he is familiar, he assumes risk.

Error to Common Pleas. Judgment reversed.

**First Publication of this Opinion**

RICHARDS, J.

This is a personal injury action brought to recover damages for the loss of an eye. The trial court rendered a verdict and ·judgment for plaintiff. The facts are that Wolf, who was the plaintiff below, had been employed by .the Raiload Company as a track repair man, for fourteen years, during six months of which time he was a foreman. At the time of the accident he was engaged in spacing joint ties which consisted in so adjusting the ties, which come next to the joint, that the tie would be direcly under the joint and support the ends of the two rails. In order to do this, it was necessary to remove the gravel down to the bottom of the tie, remove the spikes, and drive the tie over to its proper place, and re-spike and tamp. The spikes were removed with a clawbar. Wolf had been engaged in this work for about two and one-half hours, during which time he had removed spikes and spaced several ties. He then came to a tie which was of hard wood and from which he was not able to remove the spikes. About this time, another workman came to his assistance, and the two being unable to remove the spike with the clawbar, Wolf went to the motor car upon which the tools had been hauled to the scene of operation, and procured a chisel. He handed this chisel to the other workman, who placed the sharp end of it on the spike, whereupon Wolf, taking a maul, hit the chisel several blows in an attempt to drive the spike down through the slot. As he struck the last blow a piece of metal either from the spike, the maul or the chisel, flew off, striking him in the eye and destroying the sight.

Wolf contends that the company was negligent in furnishing him with improper tools with which to work, but specifically, his complaint is the failure of the foreman to have a punch, which was at the tool house, placed on the work car or the morning of the injury. The company contends that it is not guilty of any negligence, and that the plaintiff assumed the risk attendant upon the performance of the work in which he was engaged. Wolf had been employed as a trackman for fourteen years, during six months of which time he was foreman, and must be held to have been familiar with the duties attendant upon the service in which he was engaged and familiar with the tods proper to be used in the performance of these duties.

The evidence shows that there was a punch which was ordinarily used in driving spikes through the slot when they could not be removed with the aid of the clawbar, in the tool house. Wolf knew that the punch was in the tool house about a mile distant. At the time he discovered that the spike could not be removed with the aid of the clawbar, the foreman was engaged in work about 250 or 300 feet from where Wolf was employed, but Wolf made no inquiry of him as to the course to be pursued and did not inform him of the inability to remove the spike with the clawbar. Instead of this, he went directly to the motor car and himself got the chisel, although he knew that the only tool remaining on the motor car.

This case is one in which a man of fourteen years experience is directed to perform service with which he is familiar and then, meeting difficulty in its performance, voluntarily goes and selects another tool, not furnished him by his foreman, and in the use of that tool so selected suffers injury. It appears to the court that under the plainest principles of law, the plaintiff assumed the risk attendant upon removing the spike in the manner in which he undertook to remove it. N. Y. C. & St. L. Ry. Co. v. Biermacher, 110 OS. 173.

The trial court committed prejudicial error in refusing to direct a verdict in favor of the defendant company. For the reasons given the judgment will be reversed, and final judgment rendered in favor of the plaintiff in error.

Judgment reversed and final judgment.

(Williams and Lloyd, JJ., concur).

Attorneys—W. A. Everesman and G. C. May for Railway Co; Warden & Warden and James Donovan, Jr., for Wolf; all of Napoleon.