Zimmerman, J.
 

 Because of the interstate aspects, it is conceded that this case is controlled by the Federal Employers’ Liability Act (Title 45, Sections 51 to 59, U. S. Code). Section 51 of such act accords a right of action to an employee against his employer when both
 
 *248
 
 are engaged in interstate commerce “for such injury or death resulting in whole or in part from the
 
 negligence
 
 of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency,
 
 due to its negligence,
 
 in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.” (Italics ours.)
 

 In
 
 Chicago, M. & St.
 
 P.
 
 Rd. Co.
 
 v.
 
 Coogan,
 
 271 U. S., 472, 70 L. Ed., 1041, 48 S. Ct., 564, the Supreme Court said in its opinion at page 474:
 

 “By the Federal Employers’ Liability Act, Congress took possession of the field of employers’ liability to employees' in interstate transportation by rail; and all state laws upon that subject were superseded. * * * The rights and obligations of the petitioner depend upon that Act and applicable principles of common law as interpreted by the federal courts. The employer is liable for injury or death resulting in whole or in part from the negligence specified in*the Act; and proof of such negligence is essential to recovery. The kind or amount of evidence required to establish it is not subject to the control of the several states. This court will examine the record, and if it is found that as a matter of law, the evidence is not sufficient to sustain a finding that the carrier’s negligence was a cause of the death, judgment against the carrier will be reversed.” Compare
 
 Chesapeake & Ohio Ry. Co.
 
 v.
 
 Kuhn,
 
 284 U. S., 44, 76 L. Ed., 157, 52 S. Ct., 45;
 
 Seaboard Air Line Ry. Co.
 
 v.
 
 Horton,
 
 233 U. S., 492, 58 L. Ed., 1062, 34 S. Ct., 635.
 

 The Supreme Court of the United States has repeatedly held, in no uncertain terms, that proof of negligence is an absolute prerequisite to recovery. A representative case is that of
 
 Delaware, L. & W. Rd. Co.
 
 v.
 
 Koske,
 
 279 U. S., 7, 73 L. Ed., 478, 49 S. Ct., 202, wherein the court remarked at page 10:
 

 “The Federal Employers’ Liability Act permits-recovery upon the basis of negligence only. The car
 
 *249
 
 rier is not liable to its employees because of any defect or insufficiency in plant or equipment that is not attributable to negligence. The burden was on plaintiff to adduce reasonable evidence to show a breach of duty owed by defendant to him in respect of the place where he was injured and that in whole or in part his injuries resulted proximately therefrom. And, except as provided in Sec. 4 of the Act, the employee assumes the ordinary risks of his employment.
 
 * * *
 
 Fault or negligence may not be found from the mere existence of the drain and the happening of the accident. The measure of duty owed by defendant to plaintiff was reasonable or ordinary care having regard to the circumstances.”
 
 Erie Rd. Co.
 
 v.
 
 Winfield,
 
 244 U. S., 170, 61 L. Ed., 1057, 37 S. Ct., 556;
 
 Missouri Pacific Rd. Co.
 
 v.
 
 Aeby,
 
 275 U. S. 426, 72 L. Ed., 351, 48 S. Ct., 177;
 
 Toledo, St. Louis & Western Rd. Co.
 
 v.
 
 Allen,
 
 276 U. S., 165, 72 L. Ed., 513, 48 S. Ct., 215;
 
 Atchison, Topeka & Santa Fe Rd. Co.
 
 v.
 
 Saxon,
 
 284 U. S., 458, 76 L. Ed., 397, 52 S. Ct., 229.
 

 It has also been said by the high federal court that the employer is not a guarantor of the employee’s safety. “The fact of accident carries with it no presumption of negligence on the part of the employer; and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence. * * * It is not sufficient for the employee to show that the employer may have been guilty of negligence ; the evidence must point to the fact that he was. ’ ’
 
 Patton
 
 v.
 
 Texas & Pacific Rd. Co.,
 
 179 U. S., 658, 45 L. Ed., 361, 21 S. Ct., 275. Compare
 
 Huff
 
 v.
 
 Austin,
 
 46 Ohio St., 386, 387, 21 N. E., 864, 15 Am. St. Rep., 613.
 

 Upon authority of the
 
 Patton case,
 
 the view has been expressed that the Supreme Court of the United
 
 *250
 
 States does not recognize the doctrine of
 
 res ipsa loquitur
 
 in this class of cases where no violation of safety statutes is involved.
 
 New York, Chicago & St. Louis Rd. Co.
 
 v.
 
 Biermacher,
 
 110 Ohio St., 173, 143 N. E., 570 (but see the concurring opinion of Marshall, C. J., in the same case, 114 Ohio St., 554, 557, 151 N. E., 665);
 
 Schiefelbein
 
 v.
 
 Chicago, M., St. P. & P. Rd. Co.,
 
 221 Wis., 35, 265 N. W., 386, 388.
 

 Appellant in the instant case was' the only witness who testified as to how the accident occurred. He stated in substance that he was walking in the “devil strip” beside the cut of cars, with his lantern in his left hand, looking between two of the cars to determine when the cars which were to be left on the spur track had reached a proper clearance point so as not to interfere with the movement of traffic on the adjacent track; that he “tramped on a cinder, fell, rolled and fell, and both legs' fell across the rail * * * the right leg was caught by the wheel;” that the object he stepped on was “a clinker from the fire-box of a locomotive” “about as large as, my head”; that it was situated approximately in the middle of the “devil strip” when his foot came in contact with it, and that he observed and identified it immediately after the accident before he began crawling toward the engine, although he did not know what it was when he fell. On cross-examination, appellant admitted his entire familiarity with the yard in which he was injured; that it was a good railroad yard in good condition, and tíiat he said nothing about a clinker to the engineer and fireman who were first to reach him after the injury.
 

 Appellant offered no further evidence on the question of negligence, and none on any other material matter except as to the nature and extent of his disability. Was the testimony given by himself sufficient to establish a
 
 prima facie
 
 case against appellee?
 

 Since the Federal Employers’ Liability Act “per
 
 *251
 
 mits recovery upon the basis of negligence only,” it would seem clear in cases of this kind that the party carrying the burden of proof must show by direct or circumstantial evidence (1) that an officer, agent or employee of the railroad was responsible through negligence for the presence of the obstacle or hazard complained of, or (2) that at least one of such persons had actual knowledge of its presence before the accident, or (3) that the presence of such obstacle or hazard had continued for a sufficient length of time to justify the inference that the failure to know about it and remove it was due to a want of proper care.
 

 Among the many cases in point supporting these propositions and denying recovery because they were not sustained, are the following:
 

 Missouri, K. & T. Ry. Co. of Texas
 
 v.
 
 Jones,
 
 103 Tex., 187, 125 S. W., 309;
 
 Midland Valley Rd. Co.
 
 v.
 
 Graney,
 
 77 Okla., 54, 185 P., 1088;
 
 Matthews
 
 v.
 
 Southern Pac. Co.
 
 (Cal. App.), 59 P. (2d), 220 (hearing denied by Supreme Court of California);
 
 Wright
 
 v.
 
 Atchison, T. & S. F. Ry. Co.,
 
 170 Okla., 48, 38 P. (2d), 517;
 
 Carnahan
 
 v.
 
 Missouri, Kansas & Texas Rd. Co.
 
 (Mo. Sup.), 88 S. W. (2d), 1027.
 
 (Certiorari
 
 denied, 298 U. S., 664, 80 L. Ed., 1388, 56 S. Ct., 748.) Compare
 
 Lee
 
 v.
 
 Central Railroad & Banking Co.,
 
 86 Ga., 231, 12 S. E., 307;
 
 Bello
 
 v.
 
 Stuever
 
 (Mo. Sup.), 44 S. W. (2d), 619.
 

 In those cases where recovery has been allowed, the same principles have been applied and sufficient facts have been found reasonably to justify the conclusion that the particular obstacle or hazard had come to its position of danger by the negligence of representatives of the railroad company, or had remained there long enoug’h to charge the company with notice of its existence. See
 
 Cincinnati, N. O., T. & P. Ry. Co.
 
 v.
 
 Thompson
 
 (C. C. A. 6), 236 F., 1;
 
 B. & O. Rd. Co.
 
 v.
 
 Kast
 
 (C. C. A. 6), 299 F., 419
 
 (Certiorari
 
 denied, 266 U. S., 613, 69 L. Ed., 468), 45 S. Ct., 95;
 
 B. & O. Rd. Co.
 
 v.
 
 *252
 

 Flechtner
 
 (C. C. A. 6), 300 F., 318
 
 (Certiorari
 
 denied, 266 U. S., 613, 69 L. Ed., 468, 45 S. Ct., 95);
 
 Virginian Ry. Co.
 
 v.
 
 Staton
 
 (C. C. A. 4), 84 F. (2d), 133.
 

 While it is of course true that a fact may be established by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference, and the evidence must be of such a character as' to permit of more'than mere guess.
 

 The most that can be gotten from appellant’s testimony is that there was a large clinker in the middle of the “devil strip,” that he “tramped” on it, fell and suffered an injury. How or when it got there is left to supposition, and the essential element of negligence on the part of the appellee must be supplied by surmis'e. As was said by the court in
 
 B. & O. Rd. Co.
 
 v.
 
 Kast, supra,
 
 at page 422, “Even though the master is liable for a fellow servant’s negligence, the bare fact that the wrench lay in the path would not have sufficed * * * because a verdict thereon would have been based at the best upon mere probabilities without supporting evidence. ’ ’
 

 In decisions' rendered under the Federal Employers’ Liability Act, the Supreme Court of the United States has often spoken on this subject. Mr. Justice McReynolds remarked in
 
 Northwestern Pacific Ry. Co.
 
 v.
 
 Bobo,
 
 290 U. S., 499, 502, 78 L. Ed., 462, 54 S. Ct., 263:
 

 “ ‘The case must be withdrawn from its (the jury’s) consideration unless there is evidence from which the inference may reasonably be drawn that the injury suffered was' caused by the negligent act of the employer.’ ” Speculation and conjecture will not suffice.
 
 Gulf, M. & N. Rd. Co.
 
 v.
 
 Wells,
 
 275 U. S., 455, 72 L. Ed., 370, 48 S. Ct., 151;
 
 Pennsylvania Rd. Co.
 
 v.
 
 Chamberlain,
 
 288 U. S., 333, 77 L. Ed., 819.
 

 Conceding the applicability of
 
 res ipsa loquitur
 
 to some cases governed by the Federal Employers’ Liability Act, it may not be invoked here, because the ap
 
 *253
 
 pellee was not connected in any adequate way with the claimed presence of the clinker in its position of. danger. See
 
 Sherlock
 
 v.
 
 The Strouss-Hirshberg Co., ante,
 
 35, 4 N. E. (2d), 912.
 

 Having regard for the specifications of negligence contained in appellant’s petition and the proof or lack of proof thereof, taken in connection with the language of Section 51 of the Federal Employers’ Liability Act as interpreted and applied by the Supreme Court of the United States, we are clearly of the opinion that appellant’s evidence failed to meet-the necessary legal requirements to establish liability on the part of appellee, and that it was entitled to a directed verdict at the close of appellant’s case in chief, for which it moved.
 

 For the- reason that appellee’s motion for a directed verdict was overruled and it elected to proceed with the presentation of its case the discussion must continue. As has already been indicated, the employer is not an insurer, of the employee’s safety, but is under the continuing duty to exercise ordinary care to furnish the employee a reasonably safe place to work under the circumstances. See
 
 Cincinnati, Hamilton & Dayton Ry. Co.
 
 v.
 
 Frye,
 
 80 Ohio St., 289, 88 N. E., 642, 131 Am. St. Rep., 709.
 

 Appellee offered testimony that its yard was regularly and systematically patrolled and had been on the day of appellant’s injury, from the hours of 8:00 o’clock a. m. to 4:30 o’clock p. m., and that no obstacle of the kind described by appellant had been encountered; that all of appellee’s' employees were instructed to remove or report any object coming under their notice which might cause an accident. Appellee' further called a number of its employees as witnesses, who testified they had been either at or near the scene of appellant’s injury, immediately after it happened, or within comparatively brief times before or following such event. They all stated that no object in any way
 
 *254
 
 resembling the one described by appellant had been observed. In addition, appellee introduced the testimony of the engineer and one of the brakemen of appellant’s crew, together with that of three medical doctors. Their testimony as a whole covered three separate occasions subsequent to the accident, and they all swore in substance or to the effect that appellant said his injury was caused by his having tripped or stumbled over a tie.
 

 Viewing the evidence in its entirety, it seems inconceivable that reasonable minds could reach any other conclusion than that appellant was seeking something from the appellee to which he was not entitled under the law.
 

 Applicable to the situation disclosed by the record in the present ease is the observation of the Supreme Court of the United States in
 
 Gunning
 
 v.
 
 Cooley,
 
 281 U. S., 90, 74 L. Ed., 720, 50 S. Ct., 231:
 

 “Where the evidence upon any issue is all on one side or s'o overwhelmingly on one side as to leave no room to doubt what the fact is, the court should give a peremptory instruction to the jury.”
 

 Again, in
 
 Pennsylvania Rd. Co.
 
 v.
 
 Chamberlain, supra,
 
 it was said:
 

 “The rule is settled for the federal courts, and for many of the state courts, that whenever in the trial of a civil case the evidence is clearly such that if a verdict were rendered for one of the parties the other would be entitled to a new trial, it is the duty of the judge to direct the jury to find according to the views of the court. * * * The scintilla rule has been definitely and repeatedly rejected so far as the federal courts are concerned.”
 

 So, in accordance with the federal rule, as well as the present one in Ohio, there should have been a directed verdict for appellee at the close of all the evidence, upon its motion therefor.
 
 Hamden Lodge
 
 
 *255
 

 No. 517, I. O. O. F.,
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. R, 246.
 

 That part of the judgment entry of the Court of Appeals, heretofore quoted in the statement of the case, is highly erroneous. Final judgment may never properly follow a reversal on the weight of the evidence. However, irrespective of the unfortunate language used, the appellate court was right in entering final judgment for the appellee, not because the judgment below was against the weight of the evidence, but because there was no evidence legally adequate to support such judgment. In other words, there was a wrong reason for a correct result. The judgment of the Court of Appeals is therefore affirmed on the basis of its entry of final judgment.
 

 Judgment affirmed.
 

 Wbygandt,- C. J., Jones and Matthias, JJ., concur.
 

 Myers, J., dissents.
 

 Day, J., not participating.