Zimmerman, J.,
dissenting. If I were satisfied that this case as to the release involved was governed by Ohio law, I would agree with the majority opinion. However, we are dealing here with an action brought under the Federal Employers’ Liability Act and the *200 Supreme Court of the United States has said that the rights and obligations of the parties in such an action depend upon that act and applicable principles of common law as interpreted by the federal courts. See Bevan v. New York, Chicago & St. Louis Rd. Co., 132 Ohio St., 245, 6 N. E. (2d), 982, certiorari denied, 301 U. S., 695, 81 L. Ed., 1351, 57 S. Ct., 924.
In the instant controversy the defendant railroad company sought to defeat plaintiff’s action by reliance upon a purportedly complete release which plaintiff had executed and delivered to it. Plaintiff countered by claiming his signature to such release was induced and obtained by false and fraudulent representations and that the release was without binding effect.
Was the issue as to the validity of the release for the determination of the trial court upon the application of equitable principles as held by the majority of this court, or was the question one to be left to the jury as the trier of the facts?
Federal courts, which have dealt with the problem, have taken the position that, in an action under the Federal Employers’ Liability Act, the validity of a-release given by an employee to his employer is a substantive matter controlled by federal law, and that, where the employee makes the claim supported by evidence that the release was procured by fraud and misrepresentation, that issue must be submitted to the jury along with the other issues in the case. See Brown v. Pennsylvania Rd. Co. (C. C. A. 2), 158 F. (2d), 795; Irish v. Central Vermont Ry., Inc. (C. C. A. 2), 164 F. (2d), 837; Graham v. Atchison, T. & S. F. Ry. Co. (C. C. A. 9), 176 F. (2d), 819; Chicago & N. W. Ry. Co. v. Curl (C. C. A. 8), 178 F. (2d), 497, and cases cited.
Unless and until the Supreme Court of the United States holds differently, my position is the same as *201 that adopted by the Court of Appeals herein, and ] would, therefore, vote to affirm the judgment of such court.