Per Curiam.

A careful study of the record discloses no basis for the plaintiff’s contention that there was an abuse of discretion on the part of the trial court in sustaining the defendant’s motion for a new trial on the ground that the verdict was “contrary to law and the evidence.” Hence, there was no final order in this respect, and the Court of Appeals was not in error in dismissing the plaintiff’s appeal therefrom.
Nor was the trial court in error in sustaining the defendant’s motion for a new trial conditionally in the event there should be a subsequent reversal of the judgment non obstante veredicto. That court was simply following the plain provisions of the next-quoted parts of the pertinent statutes.
Section 2323.18, Revised Code. “When a judgment has been entered upon a verdict, and thereafter a judgment is entered contrary to the verdict under the provisions of this section, the judgment previously entered upon the verdict shall be thereby vacated and set aside. ’ ’
Section 2323.181, Revised Code. “If such motion for judgment is sustained and judgment entered thereon, then any motion for a new trial filed by any party shall, nevertheless, be considered and decided by the court, and if such motion for new trial is also sustained, the journal entry shall provide that a new trial shall be had only in the event of a reversal of the judgment on the motion provided for in Section 2323.18 of the Revised Code.”
The trial court obviously proceeded in accordance therewith.
The defendant’s appeal involves no disputed rule of law. The sole question is whether this record discloses evidence requiring submission of this case to the jury.
The trial court held that there was no proof either of proximate causation or of negligence on the part of the defendant.
In the Court of Appeals the dissenting judge agreed with the trial court that there was no proof of proximate causation. This court concurs in that conclusion.
In response to three submitted interrogatories, the jury found the defendant negligent in but one respect, namely, insufficient lighting to afford a safe place to work. Masters v. *131 New York Central Bd. Co., 147 Ohio St., 293, 70 N. E. (2d), 898; 65 Corpus Juris Secundum, 1265, Section 304.
Reduced to its lowest terms, the precise question is whether the record discloses evidence from which reasonable minds may reach different conclusions as to proximate causation between the plaintiff’s injuries and the defendant’s negligence in failing to provide adequate lighting. Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246; Bevan v. New York, Chicago & St. Louis Rd. Co., 132 Ohio St., 245, 6 N. E. (2d), 982.
The plaintiff testified in part as follows :•
“Q. Then while you were climbing down, you were not looking at the rungs of the ladder? A. You can’t' look down.
“Q. You weren’t, were you? A. No.
“Q. And those rungs on all cars are the same distance apart anyhow, aren’t they? A. I imagine they are.”
The dissenting judge of the Court of Appeals makes the following pertinent comment in his opinion :
“It is to be noted that the area was not lighted, but plaintiff was able to see that the last car — three car lengths away — was not moving. He carried an electric switching lantern, which was hooked over his left arm. From four years’ experience, he would be familiar with ladders and the spacing between the rungs. The evening of his injury, on a number of occasions, plaintiff had climbed up and down similar ladders, without slipping. He wore four-buclde arctics with cleats for better footing. He imagined there was snow upon the soles. He had observed snow on the rungs of the ladders.
“It is common knowledge that one experienced in the use of ladders does not look his way up or down but feels his way up or. down. Plaintiff testified that he could not see the rungs below. He did not have to see the rungs. He knew where the particular rung was. Furthermore, he did not miss the rung, but .made contact with it and his foot slipped. It is inconceivable that the absence of sufficient artificial lighting would even be a factor causing his foot to slip.
“* * * Plaintiff has not only failed to establish a causal connection between the failure of the defendant to provide adequate lighting, he has also failed to exclude the more reasonable inference that his injury was due to the slipping of his shoe *132 from the rung of the ladder.”
Consistent with the foregoing reasoning, the Court of Common Pleas was not in error in sustaining the defendant’s motion for a judgment non obstante veredicto. Hence, the judgment of the Court of Appeals must be reversed and that of the trial court affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Bell, Matthias and Herbert, JJ., concur.