Zimmerman, J.
In the interests of stability and finality and in pursuance of sound policy, a settlement of an injured minor’s claim for damages by his guardian in conformity with the provisions of Section 10507-19, General Code (now Section 2111.18, Revised Code), is valid and binding upon the minor in the absence of a showing of prejudicial error in connection with the proceedings or of fraud or collusion on the part of those involved. Evidence tending to show that the injuries sustained by the minor have proved more serious than indicated at the time of settlement is not in itself sufficient to vitiate the settlement, and, where the record discloses that, prior to a court approved settlement, discussion was had and inquiry made by the judge concerning the facts connected with and surrounding the injury and no fraud or collusion is apparent, a claim that the settlement was ill advised and for too small an amount is not enough to nullify it.
There are a number of persuasive reasons why a settlement, authorized and sanctioned by Section 2111.18, Revised Code, should not be invalidated except for substantial and compelling reasons. Evidence as to the circumstances surrounding the injury, usually being oral, is liable to be lost by the deaths *182 or absence of witnesses, failure of memory on their part and other causes readily suggesting themselves.
In 27 American Jurisprudence, 852, Section 131, the following statement is made:
“ * * * It would seem to be clear that if the court has effective power to authorize a compromise of an infant’s rights, it should have power to bind the infant equally with the adult, and to limit his right to object to the same legal causes and to the same time as those to which the adult is limited, bearing in mind, of course, that the infant necessarily has a greater range of attack for fraud or collusion. If an infant is to have an opportunity after he becomes of age, perhaps 15 or 20 years later, to attack for mere error a decree entered with the sanction of the court upon a compromise, it would seem that it is idle to talk about the power of the court to authorize compromise in such cases.”
The case of Thompson v. Maxwell Land Grant & Ry. Co., 168 U. S., 451, 42 L. Ed., 539, 18 S. Ct., 121, had to do with a compromise settlement of a claim made on behalf of minors by their guardian ad litem who, although an illiterate and inexperienced woman, was represented by a qualified advisor and competent counsel. In upholding such settlement, the court said in the course of the opinion, at page 465:
“It would be strange, indeed, if when those authorized to represent minors, acting in good faith, make a settlement of claims in their behalf, and such settlement is submitted to the proper tribunal, and after examination by that tribunal is found to be advantageous to the minors and approved by a decree entered of record, such settlement and decree can thereafter be set aside and held for naught on the ground that subsequent disclosures and changed conditions make it obvious that the settlement was not in fact for the interests of the minors, and that it would have been better for them to have retained rather than compromised their claims. If such a rule ever comes to be recognized it will work injury rather than benefit to the interests of minors, for no one will make any settlement of such claims for fear that it may thereafter be repudiated. The best interests of minors require that things that are done in their behalf, honestly, fairly, upon proper investigation and with the *183 approval of the appropriate tribunal, shall be held as binding upon them as similar action taken by adults.”
The writer has read and reread the record in the instant case and is convinced, as was the Court of Appeals, that nothing is indicated therein which would require or authorize the overthrowing of the settlement made in the Probate Court of Clinton County on November 7, 1952.
Moreover, every reasonable presumption favors the validity of a judgment of a court of record, regular on its face and where the court had jurisdiction of the parties and the subject matter, and this is especially true where such judgment is challenged after a considerable lapse of time. It will be presumed that the judgment was properly rendered, and that the court acted rightfully in all respects, and proof to remove the presumption of the validity of such a judgment must be clear and convincing. 31 Ohio Jurisprudence (2d), 687 et seq., Section 237 et seq.
Despite the language used in the judgment entry of the Court of Appeals herein, it is clear that final judgment in favor of Eunyan and Burkhardt was not only intended but actually rendered. This is obvious since the judgment of the Probate Court was reversed and it was ordered that “the former entry of settlement made by the Probate Court of Clinton County, Ohio, on November 7, 1952, is reinstated,” and “that a mandate be sent to the said Probate Court of Clinton County to carry this judgment into effect.”
A similar situation arose in the case of Bevan v. New York, Chicago & St. Louis Rd. Co., 132 Ohio St., 245, 6 N. E. (2d), 982, certiorari denied, 301 U. S., 695, 81 L. Ed., 1351, 57 S. Ct., 924, where the Court of Appeals stated in the judgment entry:
“The judgment of the said Court of Common Pleas is reversed, because the same is against the weight of the evidence and final judgment is hereby rendered for plaintiff in error [appellee].”
At the close of the opinion in the Bevan case, it is stated:
“That part of the judgment entry of the Court of Appeals, heretofore quoted in the statement of the case, is highly erroneous. Final judgment may never properly follow a reversal on the weight of the evidence. However, irrespective of the unfor *184 túnate language used, the appellate court was right in entering final judgment for the appellee, not because the judgment below was against the weight of the evidence, but because there was no evidence legally adequate to support such judgment. In other words, there was a wrong reason for a correct result. The judgment of the Court of Appeals is therefore affirmed on the basis of its entry of final judgment.”
So, in the instant case, the judgment of the Court of Appeals is affirmed on the basis of that court’s directing the Probate Court of Clinton County to reinstate the entry of settlement made in that court on November 7,1952.

Judgment affirmed.

Tart, Matthias, Bell and O’Neill, JJ., concur.
Weygandt, C. J., dissents.
Herbert, J., not participating.