## TAYLOR v. EVANS.

### Opinion delivered March 18, 1912.

1. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.—Evidence that defendant employed plaintiff to do certain work in a certain manner, and failed to instruct an inexperienced fellow-servant so as to protect plaintiff while performing such work, is sufficient to sustain a finding that defendant was guilty of negligence. (Page 644.)

2. SAME—CONTRIBUTORY NEGLIGENCE.—It was not contributory negligence for plainiff to board certain cars while in motion if it was necessary for him to do so in order to perform the work assigned to him. (Page 645.)

3. WITNESSES—IMPEACHMENT—EVIDENCE.—It was not error to refuse to admit in evidence plaintiff's original complaint, either as an admission on his part or for the purpose of impeaching him, where the uncontradicted testimony shows that he knew nothing about its contents. (Page 645.)

4. MASTER AND SERVANT—ASSUMED RISKS—NEGLIGENCE OF MASTER.—Where a servant was injured in obeying the commands of the master, it was not error to instruct the jury that the servant in obeying the master's commands does not assume any risks occasioned by the negligence or carelessness of the master unless he has knowledge of such negligence or carelessness and of the danger incident thereto. (Page 646.)

5. SAME—INSTRUCTION.—It was not error to instruct that if plaintiff was injured while attempting to perform his duty according to the master's instructions he was not guilty of contributory negligence. (Page 647.)

6. INSTRUCTION—HARMLESS ERROR—The giving of an abstract instruction will not constitute reversible error where it appears that no prejudice could have resulted from its being given. (Page 647.)

7. SAME—GENERAL OBJECTION.—A general objection was insufficient to point out an inaccuracy in an instruction to the effect that it was the master's duty to avoid injuring the servant, instead of to use ordinary care to that end. (Page 648.)

8. SAME—GENERAL OBJECTION.—A general objection is insufficient to point out an inaccuracy in an instruction which told the jury to allow damages which the plaintiff "has endured, if any, and which he is liable to endure, if any, as the result of his injury," instead of telling them to allow damages according to what the evidence established as the result of his injury. (Page 648.)

Appeal from Yell Circuit Court, Dardanelle District; *Hugh Basham*, Judge; affirmed.

*G. O. Patterson* and *Sellers & Sellers*, for appellant.

1. The original complaint was admissible for the purpose of showing an admission, the issue being sharply drawn as to whether appellee was hurt in trying to get on the car, as alleged in the original complaint, or after he had got to his place by being jerked off. The court erred in excluding the original complaint, and in refusing to allow plaintiff to be cross examined touching its allegations. 21 Pac. 359; 20 Pac. 473; 8 S. W. 549; 1 Enc. of Ev. 438.

2. Instruction 5, on the duty of the servant was, unauthorized. While engaged in his duty and obeying orders, he assumes the risks incident thereto. And plaintiff's minority, no proof being made of deficiency in intellect or experience, does not affect the case. 134 S.W. 638; White on Pers. Injuries, § 301.

3. Instruction 6 on the duty of the defendant was abstract, because no issue was raised as to the place or appliances furnished, and no attempts made to prove any cause of action except the pulling forward of the train by the engineer. Instructions must be based on evidence. 89 Ark. 24; *Id.* 279; 88 Ark. 20; *Id.* 594; *Id.* 172; *Id.* 231; *Id.* 454; etc. They must also be based upon the issues. 85 Ark. 322; 132 S. W. 998; *Id.* 1000; 82 Ark. 499; 90 Ark. 284; 134 S. W. 202; 3 Brickwood's Sackett on Instructions, § 4032; 61 Ill. App. 464; 133 S. W. 499; 133 S. W. 819; *Id.* 816; 63 Ark. 65; 89 Ark. 581; 87 Ark. 190; 80 Ark. 68; 112 S. W. 30; 8 L. R. A. 765; 148 Ill. App. 158.

4. Instruction 8, given at plaintiff's request, is plainly erroneous. It relieves plaintiff of all duty to care for his own safety, eliminates the law of contributory negligence, permits recovery without proof of negligence on the part of appellant, and is abstract in that there was no claim in the amended complaint, nor any proof, that plaintiff was hurt by a failure to check up. 91 Ark. 102; 63 Ark 65; 76 Ark. 436; 77 Ark. 458; 78 Ark. 100; 80 Ark. 261; 21 Am. & Eng. Enc. of

L. 498; 131 S. W. 945; 62 Ark. 164; *Id.* 235; 65 Ark. 429; 77 Ark. 398; 80 Ark. 5; 127 S. W. 715; 49 S. W. 323, 325; 31 S. W. 885; 40 S. W. 386; 130 S. W. 709; 31 S. W. 885; 40 Ark. 322.

5. The court's instruction on the measure of damages allows a recovery for medical attention and medicine without proof that he had expended any money for these purposes. 136 S. W. 267. It allows a recovery for loss of time or wages, without proof, he being a minor, that his earnings were his own. 11 Am. & Eng. R. Cas. (N. S.) 291; 66 Tex. 225; 89 Wis. 38; 88 Ill. App. 375. And it is particularly erroneous in allowing a recovery for pain and suffering plaintiff is liable to suffer. 3 Brickwood's Sackett on Instructions, § 3573, note; *Id.* § 3575, note; 80 S. W. 282; 51 Am. St. Rep. 917; 120 N. W. 306; 46 Am. St. Rep. 854; 71 S. W. 905; 121 Ill. App. 334; 104 S. W. 709; 9 Am. Cases, 1222, 72 Neb. 16; 9 Am. Cases, 1050, 75 S. C. 102; 158 N. Y. 254; 53 N. E. 22; 73 Wis. 147.

*Brooks, Hays & Martin, Paul McKennon* and *J. T. Bullock*, for appellee.

1. The court properly excluded the original complaint from the evidence because it was shown that appellee knew nothing about its contents.

2. The instructions were more favorable to appellant than he had the right to expect or the law warranted. This is especially true of instruction 3, wherein the court errone-ously charged the jury that plaintiff could not recover if his injury was the result of the engineer's negligence, he being a fellow-servant. Acts 1907; 90 Ark. 543.

3. The question of contributory negligence was for the jury, and was fully and fairly submitted to them under proper instructions. As to the assumption of risk, the servant has the right to rely on the presumption that the master has per-formed his duty and will not expose him to unnecessary dangers or extraordinary risks. 95 Ark. 291, 295, and authorities cited.

McCULLOCH, C. J. The plaintiff, Willard Evans, sues the defendant, W. H. Taylor, who is his employer, to recover damages on account of personal injuries received while in the latter's service. The defendant was operating a coal mine, and plaintiff was working for him at the mine. Plaintiff was about nineteen years of age at the time, and as cars of coal were

brought out of the slope of the mine, by means of a locomotive engine, to the tipple, where the coal was broken up, it was his duty to take charge of the cars, and, together with the man working with him, to push them into the cage or elevator, to be carried up to the coal breaker. His work was called "caging," and he was called a "cager." A short distance from the tipple there was a switch, where cars of rock brought up in the coal train were cut out of the train and run back upon a sidetrack to be unloaded. Plaintiff alleges, and his evidence tends to show, that it was also his duty to uncouple the rock cars at the switch. This was done, according to his testimony, in the following manner: When there were cars of rock in the train, the engineer would sound four blasts of the whistle, to notify the cager, and slow up for the latter to board the car. The rock cars would be at the end of the train, and, as soon as they passed the switch going up grade, plaintiff would board the front rock car and stand on the bumper, put his foot on the chain which served as a coupler, and press it down, and, as slack was given by the engineer, he would draw the coupling pin, thus disconnecting the car, the speed of the train being then increased on his signal and the train continuing forward and the rock car running back down grade on the side track. Plaintiff worked under the direction of the "top boss," who had instructed him to do the work in that manner, and on the day of the injury the boss had sent him to do that work. In his original complaint, he alleged that, on the occasion of his injury, he was engaged in that work, and that the engineer gave the signal, and he took the usual position to board the car for the purpose of uncoupling it, and that while he was attempting to board it the engineer failed to slow up at the usual place, and that by reason thereof he was thrown from the car and injured. Subsequently he amended his complaint so as to allege that, after he had boarded the car and had taken his accustomed place for the purpose of uncoupling it, and before he signalled the engineer, the latter, without looking back for the signal, suddenly increased the speed, thus causing him to be thrown from the car.

Negligence of defendant is charged in the following particulars: "That it was negligence on the part of the defendant's engineer to fail to look back from his place and see

whether or not said rock cars were uncoupled just before increasing the speed of his engine as heretofore stated; that it was negligence in said engineer to so suddenly increase the speed of said engine without knowing whether or not said cars had been uncoupled; that said engineer negligently failed to slow up the speed of said engine to enable plaintiff to uncouple said cars; that the superintendant of said mines negligently employed and placed in charge of said engine the man who was in charge at the time of plaintiff's injuries, and negligently failed to give him proper instructions concerning the uncoupling of cars of rock; that he negligently failed to instruct said engineer to slow up the speed of said engine for the purpose of uncoupling rock cars; that he negligently directed said engineer not to stop or slow up for the purpose of uncoupling rock cars, and negligently failed to inform plaintiff of this fact."

Defendant denied, in his answer, that it was a part of plaintiff's duty to uncouple rock cars, or that he was instructed to do that work, and denied that plaintiff was engaged in that work when he was injured. He denied each charge of negligence, and alleged that plaintiff was injured by reason of his own negligence in getting on the cars, where he had no right to be, and in failing to exercise proper care for his own safety.

The court, by specific instructions, took away from the jury the question of negligence of the engineer and negligence of the superintendent in employing an incompetent engineer.

Plaintiff's testimony tends to show that he was directed to uncouple the rock cars in the manner before stated; that he had boarded the car, for the purpose of uncoupling it, when the engineer, without looking back or waiting for the signal, and without giving slack, so that the coupling pin could be drawn, suddenly increased the speed, thus causing plaintiff to be thrown from the car and severely injured.

The testimony adduced by defendant contradicted plaintiff's contention, and tended to show that it was not his duty to uncouple the rock cars, but that when injured he was attempting to board the cars for the purpose of riding to the tipple.

The jury returned a verdict in plaintiff's favor, assessing damages in the sum of $1,990, and judgment was rendered accordingly, from which defendant appealed.

It is, in the first place, insisted that the evidence is not

sufficient to sustain a finding that defendant was guilty of negligence in any respect. If, as plaintiff stated, he was instructed to uncouple the cars in the manner indicated, and it was the custom to do it in that way, defendant owed him the duty to give proper instructions to the engineer to observe the signals and take proper precautions to protect him while performing the work. The engineer, who had been at work on the engine only two or three days, testified that he had had no instructions to slow up in order to let any one cut off rock cars. This was sufficient to justify a finding that defendant was guilty of negligence in directing plaintiff to do the work in that way without instructing the engineer, so the plaintiff would be protected. If, as claimed, plaintiff's injury was caused by the omission to give such instructions, then defendant is liable. The testimony is sufficient to warrant a finding of those facts, and it is therefore sufficient to sustain the verdict.

It did not constitute negligence for plaintiff to board the cars in the usual course of his work, when it was necessary for him to do that in order to perform the work assigned to him.

Error is assigned in the court's refusal to permit defendant to read in evidence the original complaint, for the purpose of contradicting the plaintiff, and also in refusing to permit the cross examination of the plaintiff concerning the allegations of the original complaint. The record in the case discloses that, on cross examination, plaintiff was asked whether or not he had in his original complaint alleged, as grounds of recovery, that the negligence consisted of the engineer's failure to slow the train down and in running it too fast. Plaintiff replied that he did not know anything about what the complaint contained. It was competent, for the purpose of proving an admission on the part of the plaintiff, and also for the purpose of impeaching him, to read the complaint in evidence, or to prove by him, on cross examination, that he had made allegations in the original complaint inconsistent with his present contention. *Gibson* v. *Herriott*, 55 Ark. 85; *Valley Planting Co.* v. *Wise*, 93 Ark. 1; 1 Ency. of Ev. 438.

The evidence being competent only for the purpose of showing an admission, or as establishing a contradictory statement of the plaintiff, it is not admissible, where it does not appear that the plaintiff knew of the allegations of the original

complaint, or at least where it affirmatively appears that he was not aware of the contents of the complaint. It would be without probative force, either as an admission or as a contradictory statement, unless it was shown that the plaintiff was aware of the contents of the paper. Counsel for defendants were permitted to ask the plaintiff about the contents of the complaint, and the reply was that he knew nothing about the contents of it. No effort was made to prove that plaintiff had authorized his counsel to incorporate the allegation in the complaint or that he knew that the facts were thus alleged in the complaint. Therefore, it was not proper to read to the jury as an admission a paper the contents of which the evidence showed the plaintiff was not aware of.

The following instruction, given at the instance of the plaintiff, was objected to, and is now assigned as error:

"In obeying the commands of the master, the servant does not assume any risks occasioned by the negligence or carelessness of the master, unless he has knowledge of such negligence or carelessness, and the danger incident thereto."

It is contended that this instruction was inapplicable, because the danger of being thrown from the moving train was one of the incidents of the service which plaintiff assumed. We can not, however, lend our approval to this contention, for, if the plaintiff was put to work in obedience to the command of the master, he did not assume the risk of danger from negligence of the latter in failing to exercise ordinary care to protect him. He did assume the ordinary danger of being thrown from the cars as one of the risks incident to the service, but not those caused by a lack of precaution resulting from the negligent omission of the master. We think the instruction quoted above was a correct one, and was applicable to this case.

The following instruction was also objected to:

"The jury are instructed that it is the duty of the master to furnish a servant a reasonably safe place in which to work and reasonably safe appliances and machinery with which to work, and that it is further the duty of the master to handle its appliances and machinery so as to avoid the injury of a servant; and if you find from the testimony in this case that the defendant failed in either of these particulars, and that by reason of such failure the plaintiff was injured without fault or care-

lessness on his part, then it will be your duty to return a verdict for the plaintiff."

This instruction is, as contended, open to the objection that the part of it which referred to the master's duty to furnish reasonably safe appliances and machinery was abstract. There was no allegation of negligence in that respect, and no proof whatever that plaintiff was injured by reason of any defect in the appliances or machinery. We can not conceive that the jury could have been misled by including this in the instruction. It is error to give abstract instructions; and where it appears that the jury might have been misled thereby, it constitutes prejudicial error which calls for reversal. This is so in a case where the employee is injured in some way by reason of a defect in the machinery or appliances; and unless there is some evidence of negligence on the part of the master in failing to exercise care in that respect, it would constitute error to give an abstract instruction submitting the question to the jury. But in the present case, where the plaintiff did not claim that his injury resulted by reason of any defect in the cars, but that he was thrown from the train solely on account of the sudden increase of speed, we can readily see that no prejudice could possibly have resulted from giving this instruction. Therefore, it is our duty to disregard the error, and treat it as non-prejudicial.

The court gave the following instruction over defendant's objection, and the same is assigned as error:

"You are instructed that if you find from the testimony that the plaintiff was directed by the defendant, or his agent, to cut the string of cars and to uncouple the cars loaded with rock, and that it had been the custom so to do, and that the plaintiff, following said instructions in the usual way, attempted to perform his duty in the usual way, but that the defendant failed to check its engine, or caused the same to jerk the cars as the plaintiff was attempting to perform his duty as directed, then the plaintiff was not guilty of contributory negligence in attempting to perform his said duty."

Learned counsel rely, in their assault upon the correctness of this instruction, upon the principle often announced to the effect that negligence of the master does not relieve the servant from using due care. We do not, however, think that the in-

struction just quoted conflicts with the principle, for if, as stated therein, the servant was performing his work in the usual way and following instructions in the usual way, and the master failed to take proper steps to protect him in his work, then he was not guilty of contributory negligence. This instruction does not say that the duty did not rest upon him to exercise due care, and it is, therefore, not open to the objection which learned counsel make to it.

Defendant interposed a general objection to the following instruction:

"You are instructed that if the plaintiff was employed by the defendant, and it was a part of his duty to board and uncouple the cars of rock from the cars of coal, which cars were being pulled by an engine on a track, then it was the duty of the defendant to so handle and manage its engine and cars, as to avoid injuring the plaintiff; and if you find that the defendant failed in the manner alleged in complaint in this, without fault or carelessness on the part of plaintiff, then it will be your duty to return a verdict for the plaintiff."

This instruction was incorrect, but it should have been met by a specific objection. A general one was not sufficient to point out its inaccuracy. *St. Louis, I. M. & S. Ry. Co.* v. *Barnett,* 65 Ark. 255; *Mt. Nebo Anthracite Coal Co.* v. *Williamson,* 73 Ark. 530; *St. Louis, I. M. & S. Ry. Co.* v. *Bowen,* 73 Ark. 594; *St. Louis, I. M. & S. Ry. Co.* v. *Dallas,* 93 Ark. 209; *St. Louis, I. M. & S. Ry. Co.* v. *Carter,* 93 Ark. 589; *St. Louis, I. M. & S. Ry. Co.* v. *Hartung,* 95 Ark. 220.

The court gave, over defendant's objection, another instruction on the measure of damages, stating, among other elements of damage, the one for pain and suffering "which he has endured, if any, and which he is liable to endure, if any, as the result of his injury." The objection was a general one, which was insufficient to properly call the court's attention to the inaccuracy of the instruction. The court evidently meant to say, with reference to the future pain and suffering, that damages should be assessed according to what the evidence established in that respect. Doubtless, the language would have been corrected by the court if a specific request had been made. See cases cited *supra.*

There are other assignments of error with respect to rul-

ings of the court and in the giving and refusing of instructions; but we find no error and nothing further of sufficient importance to call for discussion. Judgment affirmed.

KIRBY, J., dissents.