## PITCAIRN et al. v. HUNAULT.
### No. 5926.

Circuit Court of Appeals, Seventh Circuit.

Dec. 10, 1936.

John A. Gavit and C. Ballard Harrison, both of Hammond, Ind., for appellants.

Joseph D. Ryan, Edmund M. Sinnott, and Louis P. Miller, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This appeal is from a judgment of the District Court for $8,000 rendered against the receivers of the Wabash Railway Company in a suit brought by Alphonse Hunault under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.). The suit arose over a personal injury suffered by the appellee while employed in the railway yards of the receivers in Wayne county, Mich., on March 17, 1934. The crew was engaged in switching cars down a slight gravity track, known as the lead, onto tracks numbered 3 to 10—more particularly at the time in question onto track No. 7. Appellee's duty was to throw the distant switches and to determine whether there was room on track 7 for the additional cars about to be placed there. He walked from No. 8 switch stand south across the lead and across track No. 8 to look down between tracks 7 and 8 to ascertain how much room there was. He asserts that in so doing he tripped over a part of a broken coil spring lying between tracks 7 and 8, and after tripping grabbed the west end grabiron on a moving car. The sudden movement of the car, when it coupled with the car ahead of it, forced

his hand off the grabiron and it was crushed between the deadwood and the drawbar. Appellee asserts that it was negligence on the part of the receivers to permit the coil spring and other débris to be and remain upon their property where he was required to go in the performance of his duties, and that such negligence was the proximate cause of his injury.

The errors relied upon for reversal arise from adverse rulings upon appellants' motion to dismiss and later motion for a directed verdict.

The motion to dismiss was on a special appearance and asserted that defendants (appellants here) were the receivers of the Wabash Railway Company, that they were in the custody and control of all the property of the Wabash Railway Company within the territorial jurisdiction of the court but that their authority as such receivers did not extend to the operations complained of in Wayne county, Mich.; that the property in Michigan was under the control and jurisdiction of receivers appointed by the District Court of the Eastern District of Michigan.

The complaint averred that defendants were operating the road in the county of Wayne, Mich., and in and between the state of Michigan and the Northern district of Indiana and that defendants were doing business as such common carriers in the Northern district of Indiana and were engaged in interstate commerce.

Upon a denial of their motion, defendants answered with a general denial of the averments of the complaint, but admitted that at the time of the injuries complained of defendants were engaged in operating the Wabash Railway, as receivers, in Lake county, Ind., and were engaged in interstate commerce and that plaintiff was an employee of the defendants. They averred that plaintiff for a long time had been employed as a switchman in the Manifest yards of defendants at Detroit, Mich., and had assumed the risk of his employment.

Later upon a trial of the case the following stipulation was entered into by the parties:

"It is hereby stipulated and agreed by and between the parties hereto, by their respective attorneys, that at the time of the accident and injury to Alphonse Hunault, the plaintiff in this case, on the 17th day of March, 1934, at the Manifest yard of the defendants at Detroit, Michigan, the plaintiff and defendants were both engaged and engaging in interstate commerce and transportation; that at that time the defendants were common carriers by railroad; that they were engaged in both interstate and intrastate commerce and transportation; that Alphonse Hunault at that time and place was employed as a switchman or brakeman by the defendants in interstate commerce and transportation."

Under section 6 of the Federal Employers' Liability Act (45 U.S.C.A. § 56) it is provided that any action thereunder may be brought in a District Court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencement of such action.

■ No findings upon the questions of fact raised by the motion to dismiss have been preserved; and in view of the admissions of the answer and the subsequent stipulation we think appellants' point on the venue question is without merit. The authorities cited holding that jurisdiction cannot be conferred on a federal court by consent have no application.

■ The motion for a directed verdict raises directly the question of whether there was, under the evidence, a jury question.

In this connection appellants contend that appellee assumed the risk of the alleged negligence as a matter of law. They assert that the broken coil spring, if present at all, was plainly observable and that appellee assumed any dangers incident to its presence.

While Hunault had previously been employed by the Wabash for a period of years, he had been laid off in November, 1932, and had not again been employed by them until February 26, 1934. He had thus been working sixteen days before the accident in question, one day of which time was spent in the Manifest yard, but not at the exact point in question. He testifies that he did not see or know that the spring and other débris were present. He went to work at 11 p. m. and his shift was to terminate at 7 a. m. The accident happened about 6:30 a. m. (daylight) and there was a light snow on the ground. The nature of the work in which he was at the time engaged is a significant factor. His duties required him to move quickly. The cars

that were being switched on track 7 were blocking the lead. The next one to be sent down was to go on track 9 and its movement would have been obstructed by the car on track 7 that was blocking the lead. His own testimony was:

"We had placed a car down on No. 7 from the first cut of twenty cars. I had turned the switch for that car. It stopped foul of No. 8 and the lead on No. 7. I mean that if we had to put a car on No. 8 or go by that car on No. 7 it would not have cleared. We could not move up and down the lead itself. All tracks beyond were fouled. The conductor signalled to line up for No. 7 for the last three cars. The cars came down the incline from the bridge. I didn't know until they were separated how many were to go in 7. They let two cars go, then let one car go on No. 1. From my list I saw that the next car was for No. 9. There was one car fouling the lead and two cars moving down the grade toward No. 7. It was then my duty to ascertain the room on No. 7 before I shoved any car. There were other cars on No. 7 and No. 8 was pretty well full. My duty was to go between 7 and 8 track to ascertain how much room there was, so I could shove the track. I made a couple steps and I tripped. At the time I tripped, I was between 7 and 8 track, but I didn't know at the time I tripped, on what I tripped. Immediately after I got hurt, I ascertained what I tripped on. I tripped on part of a coil spring that was broken and laid on the ground there between 7 and 8 track. It was a round spring. It was south of No. 8 switch, between tracks 7 and 8, just about in the center. Between tracks 7 and 8 there was very little space. * * *"

In Gila Valley, G. & N. Ry. Co. v. Hall, 232 U.S. 94, 34 S.Ct. 229, 231, 58 L.Ed. 521, the Supreme Court said: "An employee assumes the risk of dangers normally incident to the occupation in which he voluntarily engages, so far as these are not attributable to the employer's negligence. But the employee has a right to assume that his employer has exercised proper care with respect to providing a safe place of work, and suitable and safe appliances for the work, and is not to be treated as assuming the risk arising from a defect that is attributable to the employer's negligence, until the employee becomes aware of such defect, or unless it is so plainly observable that he may be presumed to have known of it."

In the case of Northern Pacific Ry. Co. v. Berven (C.C.A.) 73 F.(2d) 687, 689, arising under the Federal Employers' Liability Act, the injured employee admitted that the piece of iron over which he tripped was in plain view but said that he did not notice it and had never seen it before. Under the circumstances of that case, the Court of Appeals of the Ninth Circuit said: "It seems to us that the question of assumption of risk, that is, whether the piece of iron over which appellee tripped and fell constituted a risk normally incident to his employment, or an obvious condition which he should have observed, was a question upon which intelligent men might disagree, and, accordingly, it presented a question of fact for the jury to determine. The court did not err, therefore, in submitting the question to the jury."

In the case of Grand Trunk R. R. Co. v. Boylen (C.C.A.) 81 F.(2d) 91, 93, where a switchman, while engaged in a "kicking" operation, had been injured by coming in contact with a truck that had stood on a loading platform for several weeks, we said: "The kicking operation requires dexterity and skill and close and undivided attention; and while Boylen was standing on the stirrup, with his back toward the loading platform, and necessarily stooping down to uncouple the cars, he could not reasonably have been expected to look about for dangerous obstructions in this supposedly safe place."

So here we think under the circumstances of this case, the question of whether Hunault could reasonably have been expected, while hurrying to ascertain the condition existing on track 7, to have discovered and avoided the obstruction on the right of way which he says caused him to fall, was a question of fact. This question, as well as the question of whether appellants were guilty of negligence, were, we think, proper questions to go to the jury. We have reached this conclusion with due regard to the general rule that an employee entering upon a hazardous employment assumes the usual and ordinary risks attendant upon such employment and those which are apparent to ordinary observation.

Appellants also assert that in any event the verdict of the jury was contrary to the manifest weight of the evidence. True, the evidence discloses a sharp dispute as to whether any débris was present at the time and place of appellee's injury. Appellee was the only witness immediately

present at the time of the accident, but a number of witnesses were called by appellants who testified of their inspection of the premises soon after the accident and of seeing no débris. Other witnesses corroborated appellee in his version of the presence of the coil spring. Under such circumstances, this clearly presented a jury question. No point is made by appellants of any contributory negligence of appellee except as same is related to their contention of assumed risk, and neither is any objection made to the amount of the judgment.

Under the circumstances, the District Court properly submitted the case to the jury, and we are not at liberty to disturb the verdict.

The judgment is affirmed.

Affirmed.