BARRY v. FRENCH.

4-5928                                    139 S. W. 2d 381

Opinion delivered April 15, 1940.

J. A. Watkins, for appellant.

Buzbee, Harrison, Buzbee & Wright, for appellee.

GRIFFIN SMITH, C. J.    The question is, May a realtor's sub-agent sue the realtor's principal for commission on a transaction where the realtor made no claim on his own account because the sale was not completed?

W. P. Gulley was engaged by Mrs. O. F. French to rent or dispose of her real property in Little Rock, she being a resident of Texas.    Gulley contracted with appellant Barry to find a buyer for the south half of lot 9, block 82.    Agreement between Gulley and Barry was that a commission would be paid appellant if he succeeded in procuring a buyer. Barry transmitted an

offer for M. B. Moore to Gulley. Moore, in turn, associated himself with R. W. Rightsell, the agreement being that title should be taken jointly. Barry and Rightsell are officers in the Rightsell-Collins-Barry-Donham corporation. Deed to the French property was prepared by Rightsell and was signed by Mrs. French, the consideration being $15,000.

When Moore's offer, made through Barry, was communicated to Gulley, the latter wrote Barry he had transmitted the proposal to Mrs. French and that acceptance had been received.[1]

Rightsell desired confirmation directly from Mrs. French, and Barry talked with Gulley, explaining Rightsell's requirement. Gulley wired or wrote Mrs. French. Mrs. French telegraphed an acceptance to Barry, and the same day wrote the letter shown in the footnote.[2]

When the abstract was examined, Rightsell made certain objections, and expressed through Moore a final rejection on the ground that a party wall of a building on the lot encroached upon adjoining property. Mrs. French sued in the United States district court at Little Rock for specific performance. There was a decree in favor of Moore and Rightsell.

Appellant testified that his agreement with Gulley was for a commission of five per cent. He insists he did not know what Gulley's contract with Mrs. French was when he consented to the undertaking, but says he later ascertained that Mrs. French paid Gulley 10 per cent. of all sales.

It is conceded by counsel for appellant that when Barry received a letter from Moore offering to buy the

[1] In his letter to Barry of March 9, 1939, Gulley wrote:
". . . On behalf of Mrs. French, therefore, I am accepting this offer, and any formal agreement in furtherance of this agreement which Mr. Moore may desire will be promptly executed by my principal. I have sent the abstract to the abstract company to be brought down to date, and as soon as it is ready I will turn it over to you for delivery to Mr. Moore."

[2] "Mr. Floyd Barry: . . . I accept the offer made by you for Mr. Moore for the purchase of my Louisiana street property in Little Rock for the sum of $15,000, and the terms and time of payment and interest, as submitted to me by Mr. W. P. Gulley by wire of February 28, 1939. I wired you today confirming this, as follows: 'I accept offer of Mr. Moore through you for the purchase of my Louisiana street property. . . .' I had previously accepted this offer by wire and long distance telephone to Mr. Gulley. I am sure Mr. Gulley has arranged for furnishing you the abstract. I trust there will be no delay in the examination of the title and the execution of the papers closing the same."

property, he (Barry) immediately submitted the offer to Gulley "with the request that Mrs. French communicate with Barry directly as to his offer," and that "on the 9th day of March Barry received the telegram from Mrs. French saying, 'I accept offer of Mr. Moore through you . . .' " The words "through you" have been italicized in appellant's brief to give emphasis to the contention that Mrs. French commissioned Barry as her agent.

We think a more rational construction of the correspondence is that Mrs. French received the offer through her agent; that the agent informed her the purchasers desired direct confirmation, and. that the telegram and letter sent to Barry were the principal's express ratification of her agent's conduct, and Gulley was the agent she was dealing with. The explanation offered on behalf of appellee is that she thought Barry was acting for Moore.

As between Barry and Mrs. French there was no privity of contract. Barry's employment was by Gulley. As Barry testified, "I was to get five per cent., right straight through."

The law is that a real estate broker employed to sell property located at the place of his or her residence has no implied authority to employ a sub-agent.[3]

Counsel for appellant make the further insistence that the suit for specific performance amounted to ratification.[4] This is the law, but there is no application here because Barry was not appellee's agent.

In the complaint asking specific performance there was the allegation that ". . . Said offer was evidenced by a letter addressed to Mr. Floyd Barry, who was acting as agent for this plaintiff." It is insisted appellee thereby admitted Barry's agency. Appellee explains that the complaint was drawn by a member of the firm of Buzbee, Harrison, Buzbee & Wright who

[3] *Sims* v. *St. John*, 105 Ark. 680, 152 S. W. 284, 43 L. R. A., N. S., 796; *McCombs* v. *Moss*, 121 Ark. 533, 181 S. W. 907.

[4] American Jurisprudence, Vol. 2, § 226 on Agency. The principal authority cited in *Clews* v. *Jamieson*, 182 U. S. 461, 45 L. ed, 1183, 21 S. Ct. 845.

was not familiar with details of the transactions, and that the expression was a mere presumption. The recital did not change the true relationship of the parties. This was decided in *Taylor* v. *Evans,* 102 Ark. 640, 145 S. W. 564. If it had been shown that Mrs. French was familiar with recitals of the complaint a different rule would apply.

Affirmed.