**WADDELL v. CHICAGO & E. I. R. CO.**

No. 8473.

Circuit Court of Appeals, Seventh Circuit.

April 25, 1944.

Rehearing Denied June 6, 1944.

Edward W. Rawlins, James F. Wright, and T. N. Cook, all of Chicago, Ill. (Fay Warren Johnson, of Chicago, of counsel), for appellant.

Royal W. Irwin, of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is from a judgment favorable to plaintiff in an action, under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., to recover damages for personal injury. The case was tried to a jury and the sole question here raised is the failure of the trial court to direct a verdict in favor of defendant.

Defendant makes a rather convincing argument that plaintiff's injuries were not the result of any negligence on its part. It is an argument, however, which could more appropriately be made to the trier of the facts. Any doubt heretofore existing as to the limited scope of our authority on review has been dispelled by recent decisions of the Supreme Court. Bailey v. Central Vermont R. Co., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Tennant v. Peoria & Pekin Ry. Co., 64 S.Ct. 409. No good purpose could be served, therefore, in relating or discussing the testimony further than to ascertain if plaintiff's charge of negligence is supported by any substantial evidence when considered in the light most favorable to plaintiff and together with all inferences which may be reasonably drawn therefrom.

Plaintiff was and for many years had been an employe of defendant, engaged in the maintenance of its signal devices. In doing so, he traveled over defendant's railroad in a flanged-ironwheeled, standard-railed motor car. On May 4, 1942, he was riding on such motor car, and at a point where the railroad intersected a public highway the motor car became derailed, at which time plaintiff sustained injuries with the resultant damages. The public highway had previously been improved with a layer of gravel and rock and was maintained by the local authorities, except at the railroad intersection which was under control of defendant. The crossing consisted of five board planks between the rails and one board plank outside each rail, all such planks running parallel with the rails. The outside planks were practically level with the top of the rails and the inside planks were somewhat lower than the rails. There was space between the planks adjacent to each rail, described as a flange-

way space, designed for occupation by the flange on wheels of railroad equipment moving over the crossing. This flangeway space was about 2½ inches wide and 5½ inches deep, the depth of the rails. Dirt, gravel, rock and other substances found lodgement in this space and were packed in by engines and cars until they became, as described by one witness, "almost as hard as cement." Defendant had employes whose duty it was to keep this space open, or at any rate to keep it open to a depth sufficient to prevent interference with the wheel flange. No proof was made as to the exact time when this dirt, etc., had last been removed, although it appears to have been about three weeks prior to the day of the accident.

The complaint averred that defendant negligently permitted dirt, gravel and rock to remain in the space between the planking and the rails so that there was danger that the flanges of cars moving thereover would strike against said dirt, gravel and rocks and thereby cause a derailment, of all of which defendant had notice or by the exercise of ordinary care and caution could have had notice.

■ There is ample proof that this flangeway space was partly filled with dirt, etc., and that defendant did or could by the exercise of reasonable care have had knowledge thereof. It appears to be defendant's theory that there was no proof that this space was filled sufficiently to have caused the wheels of the motor driven by plaintiff to jump the track. It is suggested in support of this theory that trains and another motor car used by section men safely passed over this crossing shortly before the accident. It appears to be the further contention that if the derailment was caused by the condition of the flangeway space, it must have been on account of rocks recently lodged in the space, of which defendant had no knowledge. Even so, we think this in itself would not relieve the defendant. It was commonly known that rocks and gravel from the public highway were moved into this flangeway space by highway traffic. If the space had been open, such gravel and rocks would in all probability not have interfered with a wheel flange. They would have dropped to the bottom of the space. Permitting such space to become filled up to a point where rocks could produce such interference would, in our judgment, constitute the negligence charged.

Defendant also stresses the probability that the derailment was caused by a collision between the motor car and an automobile traveling on the highway. There is no direct proof in support of this theory. It must be admitted, we think, that the circumstances create a strong suspicion that such might have been the case. Plaintiff, however, expressly denied that his car had collided with an automobile, which testimony, if believed by the jury, eliminated a collision as the cause of derailment. At any rate, this contention presents merely another aspect of the case which the jury no doubt considered and decided adversely to defendant's contention.

■ While a study of this record creates doubt as to the correctness of the result reached in the court below, we are compelled, so we think, to decide that a jury question was presented, and it follows that the court did not err in its refusal to direct a verdict. The judgment is affirmed.