John W. WEBB, Plaintiff-Appellee,

v.

ILLINOIS CENTRAL RAILROAD COM-
PANY, Defendant-Appellant.

No. 11462.

United States Court of Appeals
Seventh Circuit.

Dec. 29, 1955.

Rehearing Denied Jan. 30, 1956.

William F. Bunn, Chicago, Ill., Herbert J. Deany, Robert S. Kirby, Chicago, Ill., J. H. Wright, Chicago, Ill., of counsel, for appellant.

Robert J. Rafferty, Chicago, Ill., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

This is an action under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries sustained by plaintiff in the course of his employment as a brakeman by defendant, resulting, as he averred, from the negligence of defendant in failing to provide him with a reasonably safe place in which to work. Defendant's motions for a directed verdict made at the close of plaintiff's evidence and at the close of all the evidence were denied, as was its alternative motion for a new trial. It appeals from the judgment entered on the verdict in favor of plaintiff, assigning as error the trial

court's action in overruling its motions and in giving certain instructions.

Plaintiff had been employed by defendant in various capacities since about 1925 and was, on July 2, 1952, when the accident occurred, working as a brakeman, being assigned to the crew of a local freight run between the cities of East St. Louis and Clinton, Illinois. During the course of his duties, in a switching operation at Mount Olive, he noticed that a wheat car in the train was leaking. While the other crew members continued with the task of picking up cars to be incorporated into the train, he started back to the caboose to get some waste to plug the hole in the leaking car. He turned and, on the first step he took, tripped and fell with his left leg buckled under him. He thereby sustained a serious injury to his left kneecap. The accident occurred on the roadbed of defendant's "house track" at a point about one foot from the end of the ties. After plaintiff fell, he looked to see what had caused him to fall and saw a clinker "about the size of my fist" which was partly out of the ground, and a hole beside the clinker. He picked up the offending object and tossed it aside, proceeded to the caboose, procured some waste and plugged the hole in the leaking car. Plaintiff stated that he looked "at the ground" before he stepped but did not see the clinker. He stated further that the footing on the roadbed looked level but was a little soft.

The principal question presented is whether the court correctly ruled that there was sufficient evidence of negligence to require denial of defendant's motions for a directed verdict and submission of the cause to a jury.

■■ Plaintiff's testimony that his injury was caused by his stepping on a clinker is not contradicted. We shall assume, for the purpose of this decision, that such an object on or in the roadbed constituted a hazard to defendant's employees. But to prevail, it was incumbent on plaintiff to adduce evidence that this hazardous condition was produced or was permitted to continue by reason of defendant's negligence. Moore v. Chesapeake & O. Ry. Co., 340 U.S. 573, 71 S.Ct. 428, 95 L.Ed. 547; Eckenrode v. Pennsylvania R. Co., 3 Cir., 164 F.2d 996, affirmed 335 U.S. 329, 69 S.Ct. 91, 93 L.Ed. 41; Delaware, L. & W. R. Co. v. Koske, 279 U.S. 7, 49 S.Ct. 202, 73 L.Ed. 578; Patton v. Texas & P. R. Co., 179 U.S. 658, 21 S.Ct. 275, 45 L.Ed. 361. Fault or negligence may not be inferred from the mere existence of the clinker and the happening of the accident. Delaware, L. & W. R. Co. v. Koske, supra; Patton v. Texas & P. R. Co., supra. The employer is not an insurer that the work place be absolutely safe, but is chargeable only with the duty of exercising reasonable care and diligence to see that the place where work is to be performed is reasonably safe for its workmen. Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Seaboard Air Line Ry. v. Horton, 233 U.S. 492, 34 S.Ct. 635, 58 L.Ed. 1062; Delaware, L. & W. R. Co. v. Koske, supra; Patton v. Texas & P. R. Co., supra.

■ Applying these governing principles, we believe the trial court erred in denying defendant's motions for a directed verdict. The evidence, viewed in the light most favorable to plaintiff, supports the following fact statement. He sustained a serious injury when he stumbled over an unusually large clinker which was embedded, partially at least, in defendant's roadbed. At the point where the accident occurred defendant maintains its mainline track which runs in a north-south direction. Parallel to, and east of, that track, defendant maintains a second track which is referred to in the record as the passing track. The latter is connected to the mainline by switches and a cross-over track. Ingress to the passing track is gained over a switch, known as the "house track" switch. The section of the passing track south of the switch is known as the house track. East of these installations, and connected thereto by switches and a cross-over track, are certain facilities of the L. & N. Railroad consisting of its

mainline and house tracks. Plaintiff was standing on the roadbed of defendant's house track approximately twenty feet south of the switch when he noticed the leaking condition of the wheat car. The accident occurred at that spot when he turned toward the caboose and took one step. He was regularly employed on the East Saint Louis-Clinton local and worked frequently at this locale. He did not see the clinker before he fell; during cross-examination of plaintiff, the trial judge characterized his testimony as to his knowledge whether, before the accident, the clinker was completely buried in the roadbed in the following language, "It is self-evident that he does not know, if he did not see it." The physical set-up of defendant's house track had been altered in June, 1952, when the level of the house track switch had been raised five inches. In this operation the ties and rails were raised and sufficient ballast in the form of fine cinders and crushed stone was employed to raise the switch to the required level and the grade of the connecting rails to a compensating elevation. There was no direct testimony that this operation affected the roadbed at the point where the accident occurred, i. e., twenty feet south of the switch, but, for purposes of this opinion, we assume that it was affected. Some fifteen cubic yards of ballast were required to accomplish the end result. Further weight is afforded to our assumption by plaintiff's testimony that the footing at that place was level but a little soft. Three different employees testified that they periodically inspected the trackage at this location for defects in the facilities and hazards existing thereon or nearby. One of these witnesses testified that he had, occasionally, discovered large clinkers in the ballast in his territory and had caused them to be removed. Subsequent questioning of the witness elicited the testimony that the "territory" to which reference is made included more than forty miles of defendant's right of way and mainline. There was no testimony as to conditions at the scene of the accident either before or after the occurrence except plaintiff's testimony that he stumbled over an unusually large clinker which caused his injury.

To make a submissible case it was incumbent on plaintiff to adduce substantial evidence that defendant either negligently placed the clinker in the ballast or was chargeable with notice, either actual or constructive, of its presence therein. Bevan v. New York, C. & St. L. R. Co., 132 Ohio St. 245, 6 N.E.2d 982. We think his proof fails in this respect. There is no evidence as to the agency whereby the hazard was placed in or on the roadbed. Defendant's lines are in close proximity to and are connected with those of the L. & N. Plaintiff testified that the facilities of the two roads were connected to permit the interchange of freight cars between them. A photographic exhibit which, according to plaintiff's testimony, substantially represents the conditions at the scene of the accident, reveals several buildings in the near vicinity; there is no evidence to show whether these are the property of defendant or of the L. & N. or of some other stranger to the occurrence. The right of way is not fenced, and is, therefore, accessible to the public; there is no evidence as to whether or not the premises are frequented by strangers. There are no probabilities to be deduced from this evidence. That defendant placed the clinker in its roadbed as a part of the ballast used in the repair operation is merely one of several possibilities present. A finding that it did so can rest on nothing but speculation.

Furthermore, were we to hold that it was proper to permit the jury so to speculate, plaintiff still would not be entitled to recovery unless it was allowed also to speculate that it is negligence per se to allow such an object to become mixed in with the fine ballast used in improving its roadbed. Defendant's duty to plaintiff in this respect was to exercise the care of a reasonably prudent person, under the existing circumstances, to prohibit the introduction of a hazard into the roadbed where plaintiff was required

to work. Cf. Seaboard Air Line Ry. v. Horton, 233 U.S. 492, 34 S.Ct. 635, 58 L.Ed. 1062; Missouri Pac. R. Co. v. Zolliecoffer, 209 Ark. 559, 191 S.W.2d 587, 588. Not only is there no evidence that defendant violated that duty, but also, there is a total want of evidence as to what constitutes reasonable prudence under the proved circumstances.

The record is equally lacking in evidence to prove that defendant had actual or constructive notice of the dangerous condition. The testimony as to actual notice is that no one, plaintiff included, knew of the presence of the clinker until the accident occurred. There is substantial undisputed evidence that this portion of defendant's right of way was inspected frequently, with a purpose which included the seeking out and removal of such hazards. The evidence is silent as to what standard of care plaintiff was entitled to expect and to rely upon. There is no evidence that defendant was remiss in any respect. There is no proof that its inspection of its premises did not meet the required standard, or that a closer, more thorough, inspection would have disclosed the existence of this hazardous situation.

Plaintiff having failed in his burden of proof, it was error to submit the case to the jury and permit it to reach a verdict by pure speculation. The situation is not unlike that disclosed in Kaminski v. Chicago River & Ind. R. Co., 7 Cir., 200 F.2d 1. Kaminski, while working in the course of his employment on the premises of a customer of the defendant railroad, was seriously injured when he fell into a hole beside an industry track. We found that there was no evidence as to when and through what agency the hazardous condition was created or as to the railroad's notice, either actual or constructive, of its existence, and held that the trial court erred in overruling the railroad's motion for a directed verdict. A comparable holding is found in numerous cases involving factually similar situations. See e. g., O'Mara v. Pennsylvania R. Co., 6 Cir., 95 F.2d 762; Bevan v. New York, C. & St. L. R. Co., 132 Ohio St. 245, 6 N.E.2d 982; Spencer v. Atchison, T. & S. F. Ry. Co., 92 Cal.App.2d 490, 207 P.2d 126; Waller v. Northern Pacific Terminal Co., 178 Or. 274, 166 P.2d 488; Matthews v. Southern Pacific Co., 15 Cal.App.2d 36, 59 P.2d 220.

The cases on which plaintiff relies are largely inapposite. In each there was evidence from which the jury might reasonably infer that the defendant either negligently created the dangerous agency involved, or was chargeable with notice of the existence of a condition which rendered unsafe the place where the injured employee was required to work. E. g., Brown v. Western Ry. of Alabama, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100; Southern R. Co. v. Puckett, 244 U.S. 571, 37 S.Ct. 703, 61 L.Ed. 1321; affirming 16 Ga.App. 551, 85 S.E. 809; Fleming v. Kellett, 10 Cir., 167 F.2d 265; Waddell v. Chicago & E. I. R. Co., 7 Cir., 142 F.2d 309; Pitcairn v. Hunault, 7 Cir., 86 F.2d 664; Virginian R. Co. v. Staton, 4 Cir., 84 F.2d 133; Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967, certiorari denied 307 U.S. 646, 59 S.Ct. 1046, 83 L.Ed. 1526; Missouri Pac. R. Co. v. Zolliecoffer, 209 Ark. 559, 191 S.W.2d 587; Tash v. St. Louis-San Francisco R. Co., 335 Mo. 1148, 76 S.W.2d 690; McClain v. Charleston & W. C. R. Co., 191 S.C. 332, 4 S.E.2d 280; Lock v. Chicago, B. & Q. R. Co., 281 Mo. 532, 219 S.W. 919; Holloway v. Missouri, K. & T. R. Co., 276 Mo. 490, 208 S.W. 27. The only case cited which purports to justify an inference of negligence merely from the existence of an obstruction and the happening of the accident is Marcades v. New Orleans Terminal Co., D. C., 111 F.Supp. 650. The case was tried by the court without a jury and the evidence is not reported. Insofar, however, as that decision imposes liability merely because of the existence of a hazard without any evidence as to defendant's notice, it rests upon a theory of liability without fault and cannot be reconciled with pronouncements by the Supreme Court that the Act does not make railroads insurers of employee safety. Ellis v. Union Pacific R. Co., 329 U.S. 649,

67 S.Ct. 598, 91 L.Ed. 572; Seaboard Air Line Ry. v. Horton, 233 U.S. 492, 34 S.Ct. 635, 58 L.Ed. 1062.

Since we are of the opinion that defendant's motions for a directed verdict should have been allowed, we find it unnecessary to consider other assignments of error. The judgment is reversed and the cause remanded to the District Court with directions to enter judgment for defendant.