Ark. State Highway Comm. *v.* Blakeley.

5-1946. 329 S. W. 2d 158

Opinion delivered November 23, 1959.

*W. R. Thrasher, W. B. Brady, O. Wendell Hall, Jr.,* for appellant.

*Ben M. McCray,* for appellee.

Sam Robinson, Associate Justice. This is an appeal from a jury verdict in the amount of $1,000 in favor of appellees in an eminent domain action brought by appellant to condemn land for a highway overpass at Benton.

Pursuant to Act 115 of 1953 (Ark. Stat. § 76-534 *et seq.*) the Arkansas Highway Commission filed a declaration of taking of the land involved and made a deposit of estimated just compensation in the amount of $500. The deposit was withdrawn by appellees under the provisions of this act. The matter was tried to a jury and a verdict of $1,000 was returned in favor of appellees. The sole question raised on appeal is upon the correctness of the trial judge's ruling denying appellant's motion for a mistrial based on the contention that prejudicial error occurred when the amount of the deposit of estimated just compensation was mentioned by appellees' attorney while cross-examining one of appellant's witnesses.

Mr. Robert E. Hamilton testified on behalf of appellant as an expert on the damage to appellees as a result of the condemnation of approximately ¼ acre of a

3-acre tract of land. On direct examination he testified that he appraised the property for the Highway Department and estimated the value of the land before the taking at $5,500 and after the taking at $5,302, rounding off the damage at $200. It would appear from the direct examination of this witness that he had been the expert used by the Highway Department in arriving at the estimated just compensation at the time of the declaration of taking.

The incident which occurred on cross-examination of the witness by appellees' attorney and upon which appellant relies for reversal, is as follows:

"Q. Now, I believe you were working for the highway department back in April of 1958, when the appraisal was made and five hundred dollars deposited down here with the Clerk as fair compensation, were you?

A. No, sir, I was not."

It is a well settled rule that in order to test the credibility of a witness for purposes of impeachment a witness may be cross-examined to show prior inconsistent statements. *Missouri Pac. R. R.* v. *Zolliecoffer,* 209 Ark. 559, 191 S. W. 2d 587; *Stevens* v. *State,* 117 Ark. 64, 174 S. W. 219; *Tullis* v. *State,* 162 Ark. 116, 257 S. W. 380.

If the witness had made the first appraisal, his answer to the question asked above would have been "yes". Then, of course, appellees' attorney would undoubtedly have had the right to continue questioning him on this point for purposes of impeaching his testimony regarding his appraisal already admitted in evidence. But when his answer to the question was negative, and he subsequently testified that he knew nothing about the deposit, then the matter was dropped.

Affirmed.

HARRIS, C. J., and HOLT, J., dissent; WARD, J., concurs.

PAUL WARD, Associate Justice, concurring. I concur because I think the majority opinion is subject to the in-

terpretation (and it may hereafter be so cited) to hold the questioned testimony admissible in any event even on direct examination.

I am inclined to the view that such testimony is not admissible except for the purpose of impeachment.

The only point relied on by appellant for reversal is stated in its brief as follows: "The trial court committed reversible error in overruling appellant's motion for a new trial". This exact point was not discussed in the majority opinion. Although I think the testimony was not admissible and not proper yet I would affirm the case because I think the error could have been cured by a cautionary instruction.

CARLETON HARRIS, Chief Justice, dissenting. In my opinion, this judgment should be reversed and the cause remanded because of the question propounded to Hamilton by counsel for appellees, for I am of the view that the evidence of the amount deposited by the Highway Department with its Declaration of Taking was inadmissible. This deposit is apparently made for a two-fold purpose: first, to vest the condemner with title and give him the right to immediate entrance upon terms fixed by the court, and secondly, to avoid the payment of interest on the amount deposited. The deposit actually is in the nature of an offer of compromise, and in fact, many cases are terminated without trial, *i.e.,* the cases are concluded by a withdrawal under prejudice of the amount deposited as estimated just compensation. In 1 Orgel, *Valuation Under Eminent Domain,* (2d Ed. 1953), Sec. 148, p. 625-6, it is stated:

"Offers made to or by the condemner during the pendency of the condemnation proceeding have generally been held incompetent as evidence, for the reason that they represent mere attempts to compromise the suit and as such are not a true indication of market value. And this rule is applied to the amount paid into court by the government as a pre-requisite to a taking under the present federal condemnation practice."

At an institute on real property, held in Fayetteville on October 9-11, 1958, and sponsored by the University of Arkansas School of Law and the Arkansas Bar Association, an address on the subject "Rules of Evidence in Eminent Domain Cases" was given by Fred Winner, an attorney from Denver, Colorado. This address is printed in 13 Arkansas Law Review 10 (1959). At page 15, Mr. Winner discusses "Offers Made by Condemmer", and states:

"The few cases which have considered the admissibility of offers made by the condemner to purchase the property under condemnation have almost uniformly excluded evidence of such offers on the ground that they are privileged as an offer of compromise, and under the federal practice of filing a declaration of taking supported by a deposit in court determined in advance by the government's appraisers, it seems settled that the amount of the deposit cannot be shown."

Of course, we have many times held that testimony showing an offer of compromise is incompetent. See *Hinton* v. *Brown,* 174 Ark. 1025, 298 S. W. 198 (1927). From a practical standpoint, it seems most illogical to allow such evidence. One thing is certain, *if the landowner is permitted to establish the amount deposited by the Highway Commission with its Declaration of Taking, there is no need for the Highway .Department to ever offer evidence that the land is of less value than the amount deposited,* for, of course, the jury will consider that the Highway Department deposited the very minimum. Certainly, it is contemplated under the statute that the amount determined by the jury may be less than the amount of the deposit, for Section 76-537 provides: "If the compensation finally awarded shall be less than the amount of money so deposited and paid to the persons entitled thereto, the Court shall enter judgment in favor of the State of Arkansas and against the proper parties for the amount of the excess." Of course, the net result is that the Highway Department, instead of depositing a fair and just sum, will be forced to deposit as small an amount as possible, and the court will frequently be called upon to

determine the proper sum for deposit. When this happens, I am of the view that the size of the deposit can be kept from the jury, for this figure fixed by the Court would have the effect of pitting the trial judge's opinion against the condemner's evidence, and would therefore amount to a comment upon the weight of the evidence, which is forbidden under Arkansas practice.

In addition to considering the evidence of the amount of the deposit inadmissible and prejudicial, I am also of the view that the manner in which the evidence was offered was clearly erroneous. The majority uphold this inquiry on the basis that counsel had the right to ask the question for purposes of impeachment by showing a prior inconsistent statement, but the witness had not made the appraisal. Yet this information (sum deposited) was conveyed to the jury *via* counsel's question. It should have first been ascertained that the witness had made a higher appraisal before any amount was mentioned. The attorney could have commenced his interrogation with the question, ''Did you not, in April, 1958, make a higher appraisal on this property?'' The conclusion of the matter in my view is (1) appellee introduced evidence which was inadmissible and (2) introduced t h i s inadmissible evidence by an inadmissible method.

Mr. Justice HOLT joins in this dissent.