MORGAN  *v.*  DANIELS.

5-1714                                                   318 S. W. 2d 823

Opinion delivered December 22, 1958.

*M. V. Moody & Joe Brooks,* for appellant.

*Cockrill, Laser & McGehee & Jacob Sharp, Jr.,* for appellee.

CARLETON HARRIS, Chief Justice.   Appellant instituted a suit for damages alleging that he was seriously injured by the action and negligence of appellee in striking him at the intersection of 10th and Broadway in Little Rock.   Appellee answered, denying the allegations, alleging that any damages were caused solely and proximately by appellant's own negligence.   Unavoidable accident was further pleaded.   Previous to the *voir dire* examination, appellant's attorney requested in Chambers that he be permitted to ask the following questions of the jury panel during such examination.

"One. Have you ever been in the employ of a liability insurance company?   Two. Do you own any stock in a liability insurance company at the present time?   Three. Are you insured with a mutual benefit liability company where your premiums are determined upon the size of judgments given in personal injury actions for the previous year?"

The court ruled that counsel could ask the first two questions, but sustained an objection to the third.   After returning to the courtroom, the court made a statement to the panel, explaining the general nature of the case, and interrogated the prospective jurors relative to their knowledge of the cause, representation by any of the attorneys, any relationship to any of the attorneys, and whether there was any reason why any juror could not try the case impartially if selected.   The following colloquy then took place:

"Mr. Moody: (Counsel walks to pleading bar and turns and directs his question to counsel for the defendant sitting close by).   'What is the name of that insurance carrier that has the coverage on your client's automobile?'   Mr. Sharp: 'Your Honor, I want to be heard on that.'

Thereupon, Counsel for both parties approached the bench and an off-record discussion was had between the Court and counsel for the respective parties.

The Court: 'Ladies and gentlemen, are any of you connected with or do you own any stock in the Preferred Risk Insurance Company, an Arkansas corporation, or do any of you have any close relatives that are employed by or owns stock in that company?'

Thereupon, Mr. Sharp, counsel for the defendant, returned to his seat at the counsel table and Mr. Moody, counsel for the plaintiff, approached the pleading bar and questioned the jury, as follows:  *  *  *''

Here, appellant's counsel interrogated the panel relative to any employment by that company at any time in the past, any representation or business dealings with appellee's attorneys, and whether any of the prospective jurors had ever been either plaintiffs or defendants in a personal injury suit.  Upon submission of the case, the jury returned a verdict for appellee.  For reversal, appellant relies upon two points.

### I.

The Court erred in refusing permission to plaintiff's attorney to interrogate prospective jurors on the *voir dire* respecting their interest in or connection with liability insurance companies.

### II.

The Court erred in refusing permission to plaintiff's attorney to interrogate prospective jurors on *voir dire* as to their ownership of stock or employment with any liability insurance companies, and as to mutual benefit insurance determined by judgment given in personal injury actions for the previous year.

These will be considered together in our discussion.

The exact questions, heretofore mentioned, were approved in *Dedmon* v. *Thalheimer*,[1] 226 Ark. 402, 290

---

[1] The three questions were included as one.

S. W. 2d 16. In that case, the trial court refused to allow any of the questions to be asked; here, the court ruled that the first two might be propounded, but not the third. Appellant complains that he was effectively deprived of even asking the first two questions, because the court took over the interrogation, and did not ask the questions in the manner in which they had been requested. We have searched the record and find nothing therein which indicates that the court, in any manner, prohibited counsel from asking the first two questions. Counsel had been informed in Chambers that the two questions could be asked, and the record discloses no further remarks by the trial judge to the jury panel, or to the attorneys, other than those heretofore mentioned. We accordingly are unable to agree that the court's action in asking the questions relative to ownership of stock, or close relatives in the Preferred Risk Insurance Company, amounted to "taking over" the interrogation, or precluded appellant's counsel from requesting the information in questions one and two. In fact, as previously shown, other questions were asked, and counsel's examination of the jury appears to have been entirely unhampered (except as to the third question). While we said in the *Dedmon* case, *supra,* that the question excluded was proper, we do not see that, under the circumstances, appellant was prejudiced by the refusal of the court to permit the question. The court questioned the panel specifically in regard to the Preferred Risk Insurance Company. These questions certainly would convey the impression that if an insurance company were interested, *it was this company.* Mutual companies return dividends to their policy holders in the form of a credit to be applied upon premiums that become due. This credit is, of course, affected by the size of judgments given against the company in the previous twelve month's period. There being no answer to the court's questions relative to the Preferred Risk Insurance Company, it is apparent that no prospective juror held a policy with that company. Since any holder of a mutual policy on the panel would have recognized

that his or her company was not involved, they would likewise have known that their dividend credit would not be affected by the outcome of the litigation.

Actually, the court's interrogation resulted in the jury obtaining information relative to insurance which they should not have properly received, and which, under usual circumstances, could have been expected to inure to the benefit of appellant. In fact, under our holding in *Delong* v. *Green*, 229 Ark. 100, 313 S. W. 2d 370, such a statement by the court, if properly objected to by appellee, would have necessitated a reversal, had appellant obtained a judgment. At any rate, it would appear, that when the court asked these questions, counsel was apparently satisfied as far as any examination relating to insurance was concerned, for he did not even proceed to ask the two questions for which permission had already been obtained. We are persuaded that appellant's contentions are not well taken, and that no reversible error was committed by the court.

The judgment is affirmed.