ELLIOTT *v.* PAUL.

5-2691                                                          357 S. W. 2d 292

Opinion delivered May 21, 1962.

*Moses, McClellan, Arnold, Owen & McDermott,* by *Wayne W. Owen,* for appellant.

*Joe W. McCoy* and *Cole & Scott,* for appellee.

ED. F. McFADDIN, Associate Justice. There was a traffic mishap at a street intersection between vehicles driven by appellee (plaintiff) and appellant (defendant), and this litigation ensued. Trial to a jury resulted in a verdict and judgment for Appellee Paul for $10,000.00. The property damage was only claimed to be $218.00; and the personal injuries account for the remaining amount. On appeal, Elliott urges two points: one relating to the refusal of the Court to declare a mistrial after an insurance company had been mentioned by name on *voir dire;* and the other relating to the refusal of the Court to admit certain proffered evidence.

I. *Refusal To Declare A Mistrial After An Insurance Company Had Been Named.* On *voir dire,* the attorney for Mr. Paul, the plaintiff, asked the jurors, *inter alia*:

"MR. COLE: . . . Is there anyone on the prospective panel who owns any stock in the People's Indemnity Insurance Company?

"(At this time one member of the prospective panel, Mr. Tindel, answered in the affirmative.)

"MR. COLE: Would the fact that you own stock in that company, Mr. Tindle, affect your decision in any way in this case?

"Mr. Tindle: No, I don't think so."

After a number of other questions on *voir dire,* this occurred:

"MR. COLE: . . . Do any of you know Mr. Louis Logan with the People's Indemnity Insurance Company?

"MR. OWEN: Now, if it please the Court we object and ask the Court for a mis-trial at this time."

In chambers, the attorney for the plaintiff offered to show that the People's Indemnity Insurance Company had insured Mr. Elliott, and that Mr. Louis Logan was the Claims Officer for the People's Indemnity Insurance Company and had been in Malvern making his investigation, to all of which the Court remarked:

"Here's the weakness. If you had asked whether anybody knew the man without associating him with the People's Indemnity Insurance Company, but here's the second time you have injected People's Indemnity Insurance Company into it. The first time there was no objection, and I think it was error there, but there was no objection."

Notwithstanding the foregoing, the Court refused to declare a mistrial; and we conclude that a mistrial should have been declared.

The mere fact that the attorney for the plaintiff had previously mentioned the People's Indemnity Insurance Company and there had been no objection—such fact—did not give the plaintiff's attorney *carte blanche* to continue to refer to a named insurance company. This matter of permitting questions on *voir dire* relative to insurance companies has given us trouble for many years; but in *DeLong* v. *Green,* 229 Ark. 100, 313 S. W. 2d 370—which came from the same Circuit Court as the present appeal—we enunciated certain rules as to how far an attorney could go on *voir dire.* After discussing our previous cases, we stated:

"We could, of course, end our discussion at this point, leaving for future determination a host of minute and finely drawn distinctions that would undoubtedly be urged in later cases. The bench and bar, however, are entitled to an expression of our views, especially if that course may reduce an area of uncertainty and thereby avoid needless appellate litigation. We therefore think it best to announce our preference for the procedure that is

at once the simplest to follow and the fairest to both sides in the lawsuit: Questions about the veniremen's insurance connections should refer only to insurance companies in general; a particular company should not be named when the information wanted can just as well be obtained by the use of general questions.''

In the case at bar, the plaintiff could have asked if anyone knew Mr. Louis Logan, without associating him with the People's Indemnity Insurance Company, but the question as asked is in direct violation of our statements in *DeLong* v. *Green, supra;* and we must therefore reverse the case because of the question asked and the refusal of the Court to declare a mistrial on request.

In cases since *Delong* v. *Green, supra,* we have adhered to the rule announced therein. For instance, in *Morgan* v. *Daniels,* 229 Ark. 811, 318 S. W. 2d 823, an insurance company had been named and we said:

''. . . under our holding in *DeLong* v. *Green,* 229 Ark. 100, 313 S. W. 2d 370, such a statement by the court, if properly objected to by appellee, would have necessitated a reversal, had appellant obtained a judgment.''

Again, in *Malone* v. *Riley,* 230 Ark. 238, 321 S. W. 2d 743, the Court had allowed the attorney for the appellant to ask the jurors on *voir dire* if any of them were working for or had relatives working for the Travelers Insurance Company. Of that we said:

''The naming of the Travelers Insurance Company in the *voir dire* examination was more than Malone's attorneys were entitled to. The situation in the case at bar is entirely similar to that in *Morgan* v. *Daniels, supra;* and that case is ruling here.''

In short, there is no way to reconcile the questions asked on *voir dire* in the case at bar, about the People's Indemnity Insurance Company, with our holding in *DeLong* v. *Green, supra.* We cannot say that the refusal to declare a mistrial was harmless error. *St. L. I. M. & So. Ry.* v. *Steed,* 105 Ark. 205, 151 S. W. 257. The error was not waived by the failure of the appellant to object

the first time the insurance company was named. Absence of objection to the commission of one error does not justify a party to persist in committing the same error. We adhere to our statements in *DeLong* v. *Green* and reverse the judgment for failure to observe the rule of that case.

II. *Refusal To Admit Proffered Evidence.* Because of the likelihood of a new trial, it is proper that we discuss this point also. Mr. Paul, the plaintiff, testified as to the nature and extent of the injuries he claimed to have received in the traffic mishap with Mr. Elliott. On cross examination, Elliott's attorney sought to show that several years ago Mr. Paul had been involved in a traffic collision in Texas and had sued in the District Court of Shelby County, Texas and recovered damages. Mr. Elliott's attorney sought to introduce a duly certified copy of the complaint filed by Mr. Paul's attorney in the Texas case. The complaint was duly authenticated as required by the Federal statutes, U. S. C. A. Tit. 28 § 1738. However, the Hot Spring Circuit Court. in the present case, refused to allow the complaint in the Texas case to be admitted in evidence. In this ruling the Trial Court was correct under our holding in *Mo. Pac.* v. *Zolliecoffer,* 209 Ark. 559, 191 S. W. 2d 587. The Federal statute prescribing authentication of records and judicial proceedings is to make the copies as admissible as would have been the originals, and to assure the court in which the copies are offered in evidence that they are, in fact, authentic; but this does not mean that such copies must be admitted if they are inadmissible for reasons other than authenticity. The pleading here offered was not admissible because it was not signed by Mr. Paul or verified by him. It was a complaint signed by Mr. Paul's attorney; and Mr. Paul stated that he did not authorize the making of the statements therein concerning his injuries. Our holding in *Mo. Pac.* v. *Zolliecoffer, supra,* is ruling here. It is not a question of denying full faith and credit to the records of a court of a Sister State: the complaint was not admissible because it was not signed or agreed to by the witness here sought to be impeached.

We hold that the Trial Court was correct in its ruling on this pleading.

After the Court refused to admit the complaint in the Texas case, Mr. Elliott's attorney went a step further and offered in evidence a copy of the judgment rendered in favor of Mr. Paul, his wife, and children, in the District Court of Shelby County, Texas; and this judgment was likewise duly verified and authenticated in compliance with the Federal statute. The Trial Court ruled the judgment to be inadmissible; and in this ruling we find no error because the only purpose the judgment would have served would have been an attempt to impeach Mr. Paul on a collateral matter. Mr. Paul stated that he and his wife and children were involved in a traffic mishap in Shelby County, Texas about thirteen years prior to the accident here involved and that a consent judgment had been rendered in that case. Mr. Paul said that he had received $500.00, that each of the children had received $500.00, and that the balance of the amount recovered had been for injuries sustained by Mrs. Paul. We have carefully examined the certified copy of the judgment offered in evidence and it recites that a certain amount of money was to be paid to "Leonard D. Paul and Iona Paul, his wife"; and Mr. Paul stated that under the law of Texas he was a necessary party for the recovery by his wife for her injuries. To have allowed the judgment to have been introduced would merely have constituted an attempt to impeach Mr. Paul on a collateral matter. See 58 Am. Jur. 433, "Witnesses" § 785 et seq.

For the error in refusing to declare a mistrial because of the mention of a named insurance company, the judgment is reversed and the cause is remanded.

ROBINSON, J., dissents as to reversal.